Christian, J.
delivered the opinion of the court.
The court is of opinion that there is no error in the decree of the circuit court of the city of Richmond.
It is conclusively shown that the appellant did not comply with his contract. That contract bound him to pay for the corn purchased of the appellee, upon its delivery on board the vessel which was to convey it to the city of Richmond. Neither the appellee nor his agent was present when the vessel received her cargo. An agent of the appellant arrived after the vessel had sailed, and says he sought the appellee, for the purpose of paying for the corn, but failed ft) meet him. But even then, according to his own statement, he did not have the money, but had a blank check which he expected to fill up and deliver to the appellee. The appellee was not bound to receive a check; and if he had seen the agent, he had a right to refuse the check and sell the corn as his own.
Under the contract, there was no obligation upon the appellee to detain the vessel a moment after the corn was delivered. When that was done, and the vessel was ready to sail, the appellant not being present to pay, according to his contract, the appellee was at once released, and had the unquestioned right to sell or con *194 sign the cargo to whomsoever he might please. This was his legal right under any circumstances; but the appellee in this case was fully justified in the course he took, by the extraordinary circumstances which then surrounded him. At that time (February 1863) an hour’s detention might have occasioned the loss of both vessel and cargo. The blockading vessels of the United States were almost daily in the waters of the York. It was with difficulty that any communication by water could be had with that section, and the few vessels trading in that river were running constant risks of capture. This was well known to the parties; and the knowledge of this fact required the appellant to act with the greatest promptness in the execution of his contract. His failure to do so released the appellee from all obligation under the contract.
It is further shown in the record before us, that the cargo was consigned by the appellee to Logan Waller & Co., then commission merchants in this city. But before the cargo reached its destination, an injunction was obtained by the appellant, enjoining and restraining the appellee and Logan "Waller & Co. from, selling it; and in this injunction suit an order was made to sell the corn, which was accordingly done and the proceeds of sale were deposited in the Bank of Virginia, where it remained until it perished with the fall of the -Confederate government and the consequent destruction of the Confederate currency.
The loss thus occasioned was manifestly caused, first, by the failure of the appellant to comply with his contract, and the assertion afterwards, of an unjust demand, the consequence of which was the loss to the appellee of the whole proceeds qf the sale of the corn. The burden of this loss has been properly fixed by the court below upon the party who caused it.
*195 The court is further of opinion that so far from being a ground of error (as assigned in the petition of appeal) it was entirely proper for the court below adjust the rights of the parties as established by the record, instead of simply dissolving the injunction and dismissing the bill. The plaintiff, having invoked the extraordinary jurisdiction of the court by way of injunction, and the defendant having answered the bill, and the case having been submitted upon full proofs on the issue thus made, and the defendant having established an equitable demand against the plaintiff, there was no reason why the court should stop with the dissolution of the injunction. ÜSTor is there any rule of equity practice which required the court to turn the defendant-out, to a suit on the injunction bond in a court of law. On the contrary, the court having jurisdiction of the subject matter and the parties, it was competent and proper for the court to dispose of the whole case, and to adjust completely the respective rights and obligations of the parties as established by the proofs before it.
There is only 01 e other ground of errorassigned necessary to be noticed, an d that is, that there was no proof in the cause showing the depreciation of Confederate currency, and that the case ought to be sent back for an enquiry by a commissioner to ascertain the value of the Confederate currency which the appellee lost. The amount of Confederate money deposited in bank was $8,500. The sum decreed against the appellant is $369.50, showing the scale adopted by the court to be $23 to one. It is not suggested that this is not the true scale, or that the decree is for too large a sum; but simply that there is no proof in the record as to what ivas the scale of depreciation at the time of the sale. This court will not reverse the decree on this ground, but will rather pre *196 sume that a broker’s scale, which was universally adopted by the courts as proof of the value of Confederate money, was before the court when the decree was ren¿ere(p guch presumption may well be made in the absence of any suggestion, from any quarter, that the decree is for too large a sum.
We are of opinion that the decree of the Circuit court of the city of Richmond should be affirmed.
Decree aeeirmed.