Boland v. Ross.

BOLAND v. ROSS *et al.;* ROSS, *Appellant.*

Division Two, February 13, 1894.

1. **Fraudulent Conveyance:** ATTACHMENT: PLEADING: CROSS BILL. Where a mortgagee and attaching creditors have been joined as defendants in a suit by one partner for dissolution of the firm and the distribution of its assets, and the mortgagee answers, setting up his mortgage as a prior lien, the attaching creditors, under Revised Statutes, 1889, section 571, which provides that any attaching creditor may sue to set aside any fraudulent conveyance of property attached, may file a cross bill to have the mortgage set aside on the ground of fraud.

2. ——: ——: ——: ——: WAIVER. The mortgagee, by answering and setting up his mortgage as a prior lien, waives the objection that the cross bill is not germane to the subject-matter of the petition.

3. **Parties:** WAIVER. An objection to the joinder of a defendant appearing on the face of the petition must be taken by demurrer.

4. **Fraudulent Mortgage:** INDEBTEDNESS PARTLY FRAUDULENT. Where part of an indebtedness for which a mortgage is given is fraudulent as to creditors, the entire mortgage is thereby avoided.

5. ——: ——: POSSESSION. Nor is the fraudulent character of the mortgage changed by the mortgagee taking possession of the property.

6. ——: ATTACHMENT: MORTGAGEE: PAYMENT FOR GOODS. Where a fraudulent mortgagee, while in possession, places goods in stock and pays the rent, and the goods are seized in attachment, the mortgagee should be paid for such goods out of the proceeds of the sale of the attached property.

7. ——: ——: DISTRIBUTION OF ASSETS. Where pleas in abatement, in the attachment suits by the creditors, are undetermined, a distribution of the funds among such creditors should not be made.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Kagy & Bremermann* for appellant.

(1) The petition filed by Boland against his part-
ner, Ross, states no ground for equitable relief against
the attaching creditors or mortgagee. (2) Nor could
there be a cross bill against a codefendant, as the mat-
ter pleaded is not germane to that in the original
bill. 2 Daniell's Ch. Pl. and Pr., pp. 1647 and 1649,
and notes. (3) The cross bills filed by the attaching
creditors state no grounds for relief in equity, but show
that, if the plaintiffs have any cause of complaint, they
have a complete remedy at law and have invoked it.
It is well settled that, where a statute creates a new
right and provides a remedy, such statutory remedy is
exclusive. *Brumley v. Golden*, 27 Mo. App. 160;
*Mellier v. Bartlett*, 106 Mo. 381. (4) A court of law
had taken jurisdiction of the subject-matter of the cross
bills and had full power to afford complete relief;
therefore, a court of equity had no jurisdiction. *Grand
Chute v. Winnegar*, 15 Wall. 373; *Ins. Co. v. Bailey*,
13 Wall. 616; *Bank v. Railroad*, 28 Vt. 470; *Cranes v.
Burnett*, 10 Paige, 333. (5) The court dismissed the
original bill as to the mortgagee, Mr. Ross. When it
was dismissed he went out of court. The cross bills,
being dependencies on the original bill, fell with it, and
the court had no further jurisdiction over the mort-
gagee. *Nordmanser v. Hitchkock*, 40 Mo. 178; *Martin
v. McLean*, 49 Mo. 361; Story's Eq. Pl., sec. 399;
*Downs v. Chicago*, 2 Wall. 108; *Cross v. DeVille*, 1
Wall. 1; *Railroad v. Railroad*, 6 Wall. 742. (6) The
facts, as disclosed by the evidence, do not warrant the
finding of the court. They do not prove any fraud—
do not show that the mortgagee participated in any
fraudulent transfer. All the facts are consistent with
an honest purpose, and the presumption is against the

party alleging the fraud. *Rumbolds v. Parr*, 51 Mo. 592; *Page v. Dixon*, 59 Mo. 43; *Funkhouser v. Lay*, 78 Mo. 458; *Webb v. Darby*, 94 Mo. 621.

*Henry Wollman* for respondent.

(1) Revised Statutes, section 448, gives to the attaching creditors a remedy in equity. (2) The evidence fails to show that any court of law had ever taken jurisdiction of the contest between Michael Ross and the attaching creditors. (3) The appellant has failed to point out an adequate remedy at law for the attaching creditors. (4) Michael Ross, by coming into the court of equity, recognized its jurisdiction and waived all objection thereto. The court having jurisdiction of the case will do complete and full justice. *Sav. Inst. v. Collonious*, 63 Mo. 295; *Ober v. Gallager*, 93 U. S. 199; *Nelson v. Betts*, 21 Mo. App. 3; *Holloway v. Holloway*, 97 Mo. 643; *Reyburn v. Mitchell*, 106 Mo. 376; *Ward v. Todd*, 103 U. S. 327. (5) The evidence shows that Michael Ross not only participated in the fraud, but that he perpetrated it, and was the master spirit in the entire transaction.

BURGESS, J.—The plaintiff and the defendant, W. J. Ross, were partners in the retail liquor business as saloon keepers under the firm name of Ross & Boland. Their business enterprise did not prove successful and they became largely involved in debt. Among others of their creditors was Michael Ross, brother to W. J. Ross to whom they were indebted and to whom they gave a mortgage on their partnership stock to secure the payment of his debt and placed him in the actual possession thereof. This mortgage also included some real estate owned by Ross & Boland individually. They were also indebted, or claimed to

be, at the same time, to Michael Ross in the sum of about $3,000, $1,000 of which was secured by some real estate of Boland's. On May 22, Block, Ney, Shulman and Heim, in the order named, attached the property mortgaged, all the stock not mortgaged, the real estate of the individual members of the partnership, and the sheriff took possession of the same.

On June 3, J. T. Boland, one of the partners, began a suit against his copartner for an accounting and dissolution of the firm, and made the mortgagee, Michael Ross, and attachment creditors parties defendant. In this petition he set up the necessary facts to authorize his suit against his copartner; and also alleged the mortgages and attachments as demands due from the firm, and prayed a distribution of its assets among all the creditors. He also asked the appointment of a receiver, which the court granted. To the attachment suits the defendant Ross filed pleas in abatement, which have never been tried and are now pending.

To the petition for an accounting the defendant Michael Ross made answer, being a general denial and setting up his mortgages and deeds of trust, alleging the lien thereof as prior and superior to all other claims. These instruments on their face show a consideration of $7,000, but Michael Ross claims but $4,500, alleging the mistake in the amount and explaining that it occurred through the scrivener who drew the instruments.

On the twenty-sixth of January, 1891, the attachment creditors filed amended answers and what they called cross bills against the holder of the mortgage and deed of trust, setting up their attachments and assailing the mortgage and deeds of trust as fraudulent and as made for the purpose of hindering and delaying creditors. To these cross bills the mortgagee filed a general denial.

The sheriff, who took possession of the attached property, was on June 7, 1890, by plaintiff made a party defendant. On June 9, 1890, Pottier, the receiver, filed his bond as such which being approved by the court he took immediate possession of all the property, and before the next term of the court sold all of the property under its orders.

On the same day the cross bills were filed the cause was tried before the court. At the trial the defendant Michael Ross objected to the introduction of any evidence under the cross bills on the ground that the matters stated in them were not germane to the matter in the original bill, and showed no grounds of equitable jurisdiction. The objection was overruled and defendant saved his exceptions. The plaintiff offered no evidence in support of his petition.

After the evidence had all been introduced in behalf of the attaching creditors, defendant Michael Ross asked the court to find for him against the plaintiff Boland. This the court did and dismissed the petition in so far as Michael Ross was concerned. He then asked the court to declare that under the pleadings and evidence the plaintiffs in the cross bills could not recover, which the court refused to do, but compelled him to proceed with his defense to the cross bills. After a hearing on the merits the court declared the chattel mortgage and deeds of trust made by Boland and wife fraudulent and set them aside.

When the attachments were levied the sheriff took possession of several articles of personal property which had been put in the saloon by the mortgagee, and which belonged to him personally and were in no way connected with the saloon or the mortgage upon it. Prior to the levy the mortgagee had paid the rent of the building for half a month, at the rate of $200 per month. When the receiver came in on June 3, he

took possession of the room then in charge of the sheriff, the rental of which had been paid in advance by Ross and used it to store the property in his hands for the full time paid by Ross.    After Ross was turned out he was compelled to pay a gas bill for gas consumed by the receiver, the amount having been charged in a bill for gas consumed by him.    The value of Ross' property taken was $15, the rent paid by him which the receiver got the benefit of, $73.25; gas bill paid $2.52, aggregating $90.77.    The facts were set out in a motion before the court for an order on the receiver for the value of his goods taken, the use of the storeroom and for the gas bill paid.    The facts were not disputed on the trial of the motion when the court heard the evidence, but the court denied the motion and ordered the proceeds of the property turned over to the attachment creditors and denied an allowance for the rent and gas bill paid.

In due time the defendant Michael Ross filed his motions for a new trial and in arrest of judgment, which were overruled, and he perfected his appeal to this court.

Unless the proceedings in this case were authorized by some legislative enactment they can not be upheld and the objection to the introduction of any evidence under the answers and cross bills of the attaching creditors should have been sustained, as it would not have been permissible at common law or in equity.    *Martin v. Michael*, 23 Mo. 50;  *Crim v. Walker*, 79 Mo. 335;  *Fisher v. Tallman*, 74 Mo. 39;  *Turner v. Adams*, 46 Mo. 95.    Section 571, Revised Statutes, 1889 is as follows: "Any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien or incumbrance of or upon any property attached in any action instituted by him; and where several attachments in favor of different

plaintiffs are levied on the same property, all or any number of such plaintiffs may join in the same action for that purpose."

By making the attaching creditors parties to the original suit for the settlement of the partnership between Ross and Boland, although not necessary parties, yet as no objection was made thereto by the mortgagee or attaching creditors, the court acquired jurisdiction over them. When once in court the attaching creditors had the right to avail themselves of the provisions of the section of the statute quoted, and to file their answers and cross bills attacking the mortgage and deeds of trust of Michael Ross as being fraudulent and as having been executed by Ross and Boland for the purpose of defrauding their creditors. "A cross bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts in aid of the defense to the original bill, or to obtain full and complete relief to all parties, as to the matters charged in the original bill." 4 Am. and Eng. Encyclopedia of Law, 905; 2 Daniell's Ch. Pl. and Pr. [5 Ed.], 1548. It may be brought, as in the case at bar, against other defendants in the bill. It could not, however, be done under the circumstances in this case, but for the statute, as the attaching creditors had no such interest in the property as would authorize them to attack the mortgage for fraud. In the case of *Brinkerhoff v. Franklin*, 21 N. J. Eq. 334, it is held that one defendant can not impeach the mortgage of a codefendant for fraud or upon any other ground by answer, but that he may do so by cross bill.

The petition, it is true, stated no grounds for equitable relief against the defendant Michael Ross or

the attaching creditors, yet as they failed to avail themselves of that fact—or that they were not necessary parties to the action by demurring to the petition—but the defendant Michael Ross, answered, setting up his mortgage and deed of trust on the property in controversy, asking that his prior lien as mortgagee be enforced against it, after the attaching creditors had filed their answers and cross bills attacking his mortgage and deed of trust for having been executed and received by him in furtherance of a fraudulent scheme by Ross & Boland, the grantors therein, to defraud their creditors, notwithstanding the court dismissed the petition as against Michael, it did not thereby lose jurisdiction over him under the cross bills and it might very well do as it did,—retain jurisdiction over the parties still before the court until their rights were finally adjudicated; and this it might do, although the jurisdiction of defendant Michael, the attaching creditors, and the property, was obtained in what seems to have been an irregular way, the personal property which had been seized by the sheriff under the different writs of attachments being subsequently wrested from his possession by the receiver appointed by the court in this case, who acted in so doing under its orders. They waived by their pleadings all questions as to the jurisdiction of the court and voluntarily submitted their rights thereto.

We do not intend to be understood as holding that the attaching creditors could have voluntarily and of their own motion been made parties to the suit to settle the partnership, nor that their cross bills were germane to the suit brought for that purpose, but after they had been brought into court, with the mortgagee, and after he had filed his answer setting up his prior liens under the mortgage and deed of trust, that then they were authorized under section 571, Revised Statutes, to file

their answers and cross bills and to attack the mortgage and deeds of trust for fraud, asking that they be for naught held, and that the rights of the parties entitled to the proceeds arising from the sale of the attached property be apportioned among the parties before the court according to their respective rights, to be by it ascertained and determined.

As a general rule the cross bill must be within the scope of the original bill, and germane to its subject-matter; but all questions of this character were waived by the mortgagee in pleading to the original bill and asking that his prior lien as mortgagee be enforced. As was said by this court in the case of *Savings Inst. v. Collonious*, 63 Mo. 290, SHERWOOD, J., speaking for the court: "The court had the subject-matter of the suit within its grasp; had jurisdiction of that and likewise of the parties; and the doctrine is too well settled to admit of either discussion or dispute, that when a court of equity once acquires jurisdiction of a cause it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice between the parties. It will not content itself in this regard by any half way measures; it will not declare that a party has been defrauded of his rights and then dismiss him with a bland permission to assert, at new cost and further delay, those rights in another forum. *Corby v. Bean*, 44 Mo. 379; *Rozier v. Griffith*, 31 Mo. 171; *Keeton v. Spradling*, 13 Mo. 321; *Primm v. Raboteau*, 56 Mo. 407; *McDaniel v. Lee*, 37 Mo. 204; 1 Story's Eq. Jur., secs. 64, 71; *Russell v. Clark's Ex'rs*, 7 Cr. 69; *Armstrong v. Gilchrist*, 2 Johns. Cas. 424; *Lerdy v. Verder*, 2 Cain. Cas. in Err. 175; *Smith v. Sutton*, 24 Gratt. 191."

The trial court found that the chattel mortgage executed by Ross & Boland to Michael Ross was void,

and the deed of trust executed by John T. Boland and wife to Amos H. Kagy, trustee for Michael Ross, was void, and canceled both of said instruments. In this, the contention is, the court committed error. Unless Michael Ross participated in the fraudulent design of Ross & Boland his mortgages are not void; but the testimony in this case shows that he not only participated in the fraudulent design of the mortgagor but that he manipulated the entire transaction, and that he took a mortgage to cover a pretended indebtedness of $7,000, when, according to his own evidence, it could not possibly have exceeded the sum of $4,500. In fact the weight of evidence only showed the indebtedness to have been but a little over $1,200. The fraudulent character of the mortgage was not cured from the fact that the mortgagee took possession of the mortgaged property. In his answer he claimed the property under his mortgage, and while in possession of it, he repeatedly stated to different parties that Ross & Boland owed him the sum of $7,000 for which he had a lien on the property. It was held by this court, in *State ex rel. v. Hope*, 102 Mo. 410, after an elaborate review of all the authorities, that, if a part of the alleged indebtedness is fraudulent, it will taint the whole transaction and avoid the entire sale in favor of the creditors.

If it had been shown that the amount inserted in the mortgage was done by mistake, as was attempted in this case, the mortgage would not be invalid but upon that point the evidence was by no means satisfactory.

When it appears from the mortgage or deed of trust that the mortgagor is permitted to remain in possession of the mortgaged property, and to continue in the ordinary course of business, which renders the instrument void as against the creditors of the mortgagor, taking possession of the property by the mortgagee by

and with the consent of the mortgagor, before it is seized upon by his other creditors has the effect to abrogate the previous parol agreement. *Dobyns v. Meyer*, 95 Mo. 132; *Petring v. Chrisler*, 90 Mo. 649; *Greeley v. Reading*, 74 Mo. 309. But no such rule is understood to apply when the debt itself is fraudulent, nor have we been cited to any authority announcing such a rule.

The motion of defendant Ross for an order on the receiver requiring him to pay out of the trust fund in his hands the sum of $90.78 for cigars, ice, beer, and other articles placed by him in the saloon after he took possession thereof, as well as the items for rent, gas, etc., should have been sustained; there is no conflict in the evidence as to their correctness. And, inasmuch as the pleas in abatement in the main action are still undetermined, so far at least as this record discloses, the cause is reversed and remanded to await the further action of the court in the attachment cases, as a distribution of the fund would be premature and irregular before final judgment on the main case has been had. All of this division concur.