H. T. Simon-Gregory Dry Goods Company, Respondent, v. M. S. McMahan, Defendant; Charles Earle, Interpleader, Appellant.

### St. Louis Court of Appeals, March 26, 1895.

1. **Jury, Summons of**: CONCLUSIVENESS OF AFFIDAVIT OF PREJUDICE ON PART OF SHERIFF. The trial court is not conclusively bound by a statement, that the sheriff is prejudiced, in an affidavit filed by a party in support of a motion for an order requiring the jury in the cause to be summoned by the coroner.

2. ———: INTEREST OF SHERIFF IN TRIAL OF INTERPLEA IN ACTION BY ATTACHMENT. The sheriff is not disqualified by interest in the result from summoning the jury for the trial on an interplea in an action by attachment, he being protected from ultimate liability by the attachment bond.

3. **Practice, Trial**: SEPARATION OF WITNESSES: EXCLUSION OF PARTIES IN INTEREST, THOUGH NOT TO THE RECORD. Any person who is pecuniarily interested in the trial of the cause, whether he is a party to the record or not, has the constitutional right to be present when the cause is being heard; and *held* under this rule that, in an action between a trustee under a deed of trust, and creditors of the maker of it, which involved an issue as to the validity of debts secured by it, the exclusion of the holders of these debts under an order for the separation of witnesses was erroneous.

4. **Evidence**: DEPOSITION OF PARTY OFFERED AS WITNESS. A party, who calls his adversary as a witness, may nevertheless read in evidence a prior deposition of the latter as an admission against interest.

5. ———: DEPOSITION: ORAL PROOF OF TESTIMONY OF DEPONENT. The deposition itself is the best evidence of the testimony given by a deponent, and presumably contains all that he said; oral proof of such testimony is, therefore, not competent, if the deposition is at hand.

6. ———: FRAUDULENT CONVEYANCES: PRIOR DECLARATIONS OF GRANTOR. The declarations of a mortgagor prior to the execution of the mortgage are not, in the absence of independent evidence of conspiracy, competent evidence in an action between his creditors and the mortgagee, involving the *bona fides* of the mortgage.

7. **Chattel Mortgages**: FRAUD AS TO ONE OF SEVERAL DEBTS SECURED. A deed of trust in the nature of a chattel mortgage is wholly invalid as to the creditors of the mortgagor, if he fraudulently includes, among several debts secured by it, one which has no existence.

8. ———: MISSTATEMENT OF DEBT BY MISTAKE. But the misstatement of such a debt at a larger amount than is actually due will not invalidate the mortgage, if it be due merely to mistake.

9. **Fraudulent Conveyances**: INSTRUCTIONS: COMMENT ON EVIDENCE. It is error, in the trial of an issue as to whether a conveyance is fraudulent as to creditors, to instruct the jury that the conveyance of property by a debtor to his near relatives is a badge of fraud.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Pepper & Steele, Cloud & Davies* and *George & Landis* for appellant.

(1) The sheriff is not only a *quasi* party to the suit, but he is directly interested in the result of the

trial of the cause; he is interested in favor of the plaintiff, because, if the interpleader is successful in the suit, then he becomes liable as a trespasser. *State ex .rel. v. Baker*, 26 Mo. App. 487, and cases cited. (2) The beneficiaries, mentioned in the deed of trust, should not have been excluded from the court room during the progress of the trial. They are parties in interest, and, therefore, had a right to be present for the purpose of observing and aiding counsel in the progress of the trial. *Chester v. Bower*, 55 Cal. 46; Thompson on Trials, sec. 279. (3) Plaintiff can not impeach its own witness by proving that he has made declarations out of court contradictory to those made by him on the witness stand. *People v. Safford*, 5 Denio, 112; *Thompson v. Blanchard*, 4 N. Y. 303, 311; *Coulter v. American, etc., Co.*, 56 N. Y. 585; *Skipper v. State*, 59 Ga. 63. (4) The plaintiff should not have been permitted to lay the foundation for impeaching McMahan without producing the deposition, which is in writing, and showing it to the witness; nor should plaintiff have been permitted to contradict McMahan by Frost and Peel, as the deposition was the best evidence of any contradictory statements therein. *The Charles Morgan*, 115 U. S. 69; *Morrison v. Myers*, 11 Iowa, 538; *Samuels v. Griffith*, 13 Iowa, 103; *Stephens v. People*, 19 N. Y. 549. (5) As McMahan was not a party to the issue on trial, his declarations or letters, subsequent to the execution of the deed of trust, were not admissible against the trustee or beneficiaries, since no foundation had been laid tending to show a conspiracy, between him and the trustee and beneficiaries, to hinder, delay or defraud his creditors. *Fink v. Algermissen*, 25 Mo. App. 186; *Stewart v. Thomas*, 35 Mo. 207; *Weinrich v. Porter*, 47 Mo. 293; *Gordon v. Ritenour*, 87 Mo. 57. (6) Instructions 3, 4, 5, 8 and 9 tell the jury that, if one of the debts mentioned in the

deed of trust is fraudulent, then the whole transaction is void as to creditors. If all of these debts had been due to the same person, then the instructions would be correct; but as there were several preferred creditors to whom these debts were due, we submit, as to the *bona fide* creditors, these instructions are not the law. *Hardcastle v. Fisher*, 24 Mo. 70; *Pinneo v. Hart*, 30 Mo. 561. (7) Instruction 11 tells the jury that it is "a badge of fraud" for a debtor in failing circumstances to convey all his property to his near relations. This instruction is erroneous, and it was calculated to prejudice and mislead the jury. The books say that relationship is not a badge of fraud. *The State ex rel. v. True*, 20 Mo. App. 176; Bump on Fraudulent Conveyances, 56, and cases cited; Wait on Fraudulent Conveyances, sec. 242; *Martin v. Fox*, 40 Mo. App. 664.

*Darroch & Clark, Frost & Wear* and *R. H. Davis* for respondent.

(1) The cases of *Hardcastle v. Fisher*, 24 Mo. 70, and *Pinneo v. Hart*, 30 Mo. 561, are cases of general assignments, and have no application to this cause. The instructions given correctly state the law of this case, which is that a deed of trust which is void as to one beneficiary is void as to all. *Boland v. Ross*, 120 Mo. 208; *Seger v. Thomas*, 107 Mo. 635; *State ex rel. v. Hope*, 102 Mo. 412; *Cordes v. Shaszer*, 8 Mo. App. 61; *Simon v. Norton*, 56 Mo. App. 340; *Shawman v. Lee*, 86 Mich. 557; *Adams v. Niemann*, 46 Mich. 135. (2) The declarations and letter of McMahan were competent, there being sufficient proof of a conspiracy. *State ex rel. v. Durant*, 53 Mo. App. 500; *Meredith v. Wilkinson*, 31 Mo. App. 1; *Zeliff v. Schuster*, 31 Mo. App. 493; *Jones v. Simpson*, 116 U. S. 609, and cases cited. (3) McMahan was an adverse party in interest,

and plaintiff had a right to put him on the stand and examine him under the rules applicable to the cross-examinations of witnesses. R. S. 1889, sec. 8920. (4) The court properly refused to order the coroner to summon the jury. The sheriff is not a party to this suit. *McDonald v. Malney*, 82 Mo. 363; 1 Greenleaf on Evidence [14 Ed.], 523. The sheriff is not permitted to file a paper of any description whatever in the cause, nor to examine any witnesses. The bond in an attachment suit now, under the statute of 1889, indemnifies the defendant, or any garnishee, or interpleader, or officer acting under the writ of attachment following the instructions of the plaintiff." R. S. 1889, sec. 527. (5) Instruction number 11, which states that it is a badge of fraud when a debtor conveys all, or a considerable portion, of his property to his relatives is correct. 8 Am. and Eng. Encyclopedia of Law, pp. 770, 771.

BIGGS, J.—On the sixteenth day of February, 1894, the defendant McMahan mortgaged and delivered to Earle, the interpleader herein, a chattel mortgage on a stock of goods to secure various alleged creditors, whose debts, as stated in the mortgage, amounted to about $3,800. The mortgage was filed for record on the same day, and the possession of the goods turned over to Earle. The mortgage provided that he should sell the goods for the purpose of satisfying the alleged claims. Three days after the execution of the mortgage the plaintiff attached the goods as the property of McMahan, and they were taken from the possession of Earle. On the twenty-first of April the interplea herein was filed by Earle, in which he claimed the property under the chattel mortgage.

In answer to the interplea the plaintiff admitted the execution of the mortgage and the possession of

the property by Earle, but averred that at the time the mortgage was executed McMahan was largely indebted, and in fact insolvent; that the mortgage was not given in good faith; that the debts therein mentioned were not justly due, and that the mortgage was devised and concocted by McMahan, Earle and the alleged beneficiaries, for the purpose of covering up and concealing the property of McMahan, so as to defeat his *bona fide* creditors.

The interpleader filed a replication putting in issue the affirmative matter in the answer, and upon the pleadings thus framed the rights of property under the interplea were tried. Under the instructions of the court the jury found the issues for the plaintiff and judgment was entered accordingly, and the interpleader, having unsuccessfully moved for a new trial, has brought the case here for review.

The interpleader moved the circuit court to make an order directing the coroner of the county to summon a jury for the trial of the cause. The motion was supported by the affidavit of the interpleader, in which it was stated that the sheriff of the county was prejudiced against the affiant, and also that he was an interested party. The circuit court declined to make the order, and this constitutes the first matter of exception.

It was held in the case of *State v. Leabo*, 89 Mo. 247, that the trial court is not conclusively bound by the mere affidavit of a litigant that the sheriff is prejudiced against him.

The other ground of the motion is equally untenable. While the sheriff may be bound by the result of the litigation and may be subjected to an action for damages as for an illegal levy, yet he is fully protected by the conditions of the attachment bond (R. S., sec. 527) which in legal contemplation makes him entirely disinterested.

On motion of the plaintiff all witnesses were excluded from the court room during the progress of the trial. The interpleader moved that the beneficiaries named in the mortgage, who had been subpœnaed as witnesses, should be relieved from the operation of the rule. This the court declined to do, and the interpleader excepted and still excepts.

The request of the interpleader should have been granted and the action of the court in refusing it was error. Any person who is pecuniarily interested in the trial of a cause, whether he is a party of record or not, has the constitutional right to be present when the cause is being heard. The importance of this is manifest to all who have had the least experience in the trial of causes. 1 Thompson on Trials, section 279; *Chester v. Bower*, 55 Cal. 46; *Ryan v. Couch*, 66 Ala. 244. It is true that some discretion must be accorded to trial courts in reference to this and kindred matters of practice, but the discretion is judicial and is subject to review, and it will be good ground for reversal where it appears to have been unsoundly exercised. Now, in the present case the validity of the debts of the beneficiaries and their good faith in accepting the mortgage were the real matters of controversy. It was thereafter all important that they should have been present during the progress of the trial for the purpose of directing their counsel. The interpleader was a trustee only, and presumably he knew nothing of the origin or *bona fides* of the debts or of the part taken by the beneficiaries in the procurement of the mortgage.

In the third assignment of error the interpleader claims that the circuit court erroneously permitted the plaintiff to impeach its own witness. The witness was one of the beneficiaries in the mortgage. It seems that his deposition had been taken in the attachment suit, and plaintiff's counsel asked him if he did not testify

to certain matters at that time. Some he admitted, and others he denied. Afterwards plaintiff introduced two witnesses, who were present at the time the deposition was taken, to prove what the witness had said concerning the same matters. The defendant objected on the ground that the testimony was in the nature of impeaching evidence, and upon the further ground that the deposition itself was the best evidence. The court overruled the objections, and admitted the testimony. The testimony was not offered by way of impeachment, but as proof of admissions of an interested party. We think, however, that the objections should have been sustained on the other ground. The deposition was the best evidence of what the witness said, and presumably contained all he did say. The recollection of the witnesses who were present, and heard the testimony given, is not so trustworthy. They may have misunderstood the witness, or his admissions may have been accompanied with explanations which they had forgotten or had not fully comprehended. In every judicial inquiry the all important aim should be to arrive at the exact truth, and therefore the best and most reliable evidence which is in the possession of the parties, or accessible to the court, should be produced to establish every material fact.

The circuit court against the objections of the interpleader permitted the plaintiff to read a letter, which purported to have been written by the defendant in the attachment anterior to the mortgage and the delivery of the goods to the interpleader. This letter contained statements derogatory to the good faith of the mortgage and the genuineness of the debts therein mentioned, and was therefore clearly incompetent, unless there was some independent evidence of a conspiracy to defraud the other creditors of the defendant. *Williams v. Casebeer*, 53 Mo. App. 644. Whether there

was such evidence or not we can not say, as neither party has seen proper to set out in his abstract the evidence at any length, and we are not disposed to go through a voluminous transcript for the purpose of verifying the statement.

The plaintiff introduced evidence tending to prove that the defendant in the attachment did not owe anything to his father, who is mentioned in the mortgage as a creditor; that the debt of another beneficiary was stated to be $600, whereas it was only $300, and that the debts of two others were already secured by a mortgage on real estate. The court, at the instance of the plaintiff, instructed the jury that, if any of said debts were found to be fraudulent, this would vitiate the mortgage as to all. This is the well settled rule in this state. *Boland v. Ross*, 120 Mo. 208; *State ex rel. v. Hope*, 102 Mo. 410. However, the instructions of the court ignored the interpleader's explanation of the overstatement of the debt for $300, which was to the effect that the creditor had been clerking for the defendant and there were unsettled matters of account between them, and that at the time the mortgage was prepared they did not know, and had no ready means of ascertaining, the true balance. If this was the only reason for the overstatement of the debt, we do not think it was sufficient of itself to vitiate the mortgage. In *Boland v. Ross, supra*, the supreme court held that, if the amount stated in the mortgage was inserted by mistake, this would not affect the security.

The court further instructed the jury at the instance of the plaintiff that, if the books of account which were included in the mortgage were left in the hands of McMahan until after the levy of the writ of attachment, the issues should be found for the plaintiff. Without admitting that the instruction announced a correct proposition of law, it suffices to say that there was no

evidence to authorize the court to give it. This alone is sufficient to condemn it.

In another instruction, given at the instance of the plaintiff, the jury were told that the conveyance of property by a debtor to his near relatives "was a badge of fraud." This was clearly error. Such a fact may be considered by the jury in determining the character of the conveyance, but it is questionable whether even an instruction, which directly authorized the jury to consider it as an independent fact, would not be objectionable as a comment on the evidence.

The interpleader complains that the circuit court committed error in permitting counsel for plaintiff to open and close the argument to the jury. This action of the court was proper, for the reason that the burden of proof was on the plaintiff. The latter admitted the execution of the mortgage and that it had been recorded, and that possession of the goods had been delivered to the interpleader, and that he was in possession at the time the attachment writ was served. This made a *prima facie* case for the interpleader, and placed the burden of the entire issue on the plaintiff. But for the reasons last stated the circuit court *did commit* error in refusing to instruct the jury, as the interpleader requested, that the *onus* was on the plaintiff.

For the reasons above mentioned the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.