R. M. BALL, Respondent, v. JOHN P. O'NEILL, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. **Fraudulent Conveyance:** REAL AND FICTITIOUS CONSIDERATION: POSTPONEMENT. Where a part of the consideration of a chattel mortgage is fraudulent in fact, it vitiates the whole mortgage and postpones the valid portion to the claim of other creditors.

2. ——: ——: ——. Although the good part of the consideration exists in a note separate and independent from the fictitious part, separation will not save the good part from postponement, since the mortgage is an entire thing.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Meservey, Pierce & German* and *Karnes, Holmes & Krauthoff* for appellants.

(1)    Ball having participated in the fraud of the said Mattie Soper the law punishes that fraud by remitting the property to the attachments of other creditors, thus postponing him to the demands of others. *McNichols v. Rubelman,* 13 Mo. App. 515, 522; *Boland v. Ross,* 120 Mo. 208, 217; *Tube Works Co. v. Machine Co.,* 118 Mo. 365, 376, 377; *Seger's Sons v. Thomas Bros.,* 107 Mo. 635, 644; *Cole v. Yancy,* 62 Mo. App. 234; s. c., 1 Mo. App. 502, 503; *Gregory v. Sitlington,* 54 Mo. App. 60; *Wallach v. Wylie,* 28 Kan. 138, 152, 153; approved in *State ex rel. v. Hope,* 102 Mo. 410, 430; *Kykendall v. McDonald,* 15 Mo. 416, 420; *Burgert v. Borchert,* 59 Mo. 80, 83; *Crow v. Beardsley,* 68 Mo. 435, 439; *Shelley v. Boothe,* 73 Mo. 74, 77; *Stone v.*

*Spencer*, 77 Mo. 356, 359; *Holmes v. Braidwood*, 82 Mo. 610, 616; *State ex rel. v. Hope*, 102 Mo. 410, syl. 4; *Alberger v. White*, 117 Mo. 347, 363; *Cordes v. Straszer*, 8 Mo. App. 61, 62, 63; *Nasse v. Algermissen*, 25 Mo. App. 186, 188; *State ex rel. v. Althaus*, 60 Mo. App. 122, 127; *Simon-Gregory*, etc., *Co. v. McMahan*, 61 Mo. App. 449, 507; R. S. 1889, sec. 5170.

*John C. Yocum* for respondent.

(1) The court did find as a conclusion of fact that a chattel mortgage had been given and that plaintiff was in possession of the property in question for nearly two weeks before defendants appeared upon the scene of action, but nowhere did the court pass upon the validity or *bona fides* of said mortgage, because it was not in issue, but based the judgment of the court, so far as the results in this case are concerned or affected, solely upon the three notes in controversy. The court gave the judgment upon one of these notes for $285.01 and costs, and found the value of the property in question to be $400, and also found as a conclusion of fact that these goods were sold at a judicial sale by defendants for $300. The *bona fide* note, on which the judgment in this case was based, was a good and sufficient consideration to support the transfer of this property to Mr. Ball, the plaintiff herein. Even if Mattie Soper was in failing circumstances she had a perfect right to transfer her property to Mr. Ball in payment of the note found by the court to be a *bona fide* and valid debt, because it was an ample consideration for the property received by plaintiff. The finding and judgment of the trial court should, therefore, be affirmed. *Alberger v. Bank*, 123 Mo. 318; *State to use v. Mason*, 112 Mo. 374; *Davis v. Schwartz*, 155 U. S. 631; *Saddlery Co. v.*

*Umer & Prewett*, 24 Mo. App. 534; *Alberger v. White*, 117 Mo. 347; *Frank v. Curtis & Son*, 58 Mo. App. 349; *Deering & Co. v. Collins & Son*, 38 Mo. App. 73, 80; *Boot & Shoe Co. v. Bain*, 46 Mo. App. 581; *Schroder v. Babbitt*, 108 Mo. 289; *Van Raalte v. Harrington*, 101 Mo. 610; *Distilling Co. v. Creath*, 45 Mo. App. 169; *Clark et al. v. White*, 12 Peters (U. S.), 178; *Ross v. Sedgwick*, 69 Cal. 247; *Petring v. Chrisler*, 90 Mo. 649; *McIntosh v. Smiley*, 107 Mo. 377; *McIntosh v. Smiley*, 32 Mo. App. 125; *Dobyns v. Meyer*, 95 Mo. 132; *Toney v. Goodley*, 57 Mo. App. 235; *State ex rel. v. Hope*, 88 Mo. 430; *Ridge v. Greenwell*, 53 Mo. App. 479; *Henderson v. Henderson*, 55 Mo. 535; *Ames v. Gilmore et al.*, 59 Mo. 537, 543; *Priest v. Way*, 87 Mo. 16; *Funkhouser v. Lay*, 78 Mo. 458; *Van Raalte v. Harrington*, 101 Mo. 602; *Ensworth v. King*, 50 Mo. 477. (2) The note for which judgment was rendered was a fair, reasonable, and *bona fide* consideration for the property received for it. It was an independent, distinct, and complete transaction in itself, and could be separated with certainty and ease from the two other notes which were found to be fictitious. The judgment of the trial court is right and just and equitable, and is supported by eminent authority, and should be affirmed. 1 Jones on Mortgages [3 Ed.], sec. 621; Wait on Fraudulent Conveyances [2 Ed.], sec. 228; *Morris v. Pearson*, 79 N. C. 253, 262; Metcalf on Contracts, 246; 2 Chitty on Contracts [11 Am. Ed.]; 973; 1 Jones on Mortgages, sec. 620; Bump on Fraudulent Conveyances, 385, under heading of Fictitious Debts; *McIntosh v. Comer*, 33 Md. 598, 607; *Carleton v. Woods*, 28 N. H. 290; *Corbett v. Woodward*, 5 Sawyer (U. S. C. Ct.), 403, 420; *Smith v. Osborn*, 33 Mich. 410, 411, 412; *Mader v. McKinnon*, 21 Canada Sup. Ct. Rep. 645, 653; *Yundt v. Roberts*, 5 Sergeant & Rawle, 138; *Feldman v. Gamble*, 26 N. J. Eq. 494, 495, 496; *Byrns v. Shaw*, 45 Ill. App. 281; *Woodruff v.*

*Bowles*, 104 N. C. 197, citing with approval: *Morris v. Pearson*, 79 N. C. 253, *supra*; *Davis v. Schwartz*, 155 U. S. 631; *Hardcastle v. Fisher*, 24 Mo. 70, 74, 75; *Pinneo v. Hart*, 30 Mo. 561, 569; *Bensick v. Thomas*, 66 Fed. Rep. 104; *Frost v. Warren*, 42 N. Y. 204, 207; *Coley v. Coley*, 14 N. J. Eq. 350, 354.

ELLISON, J.—This cause is replevin and was tried by the court, without the aid of a jury, and a judgment rendered for plaintiff. It appears that plaintiff held the property under a chattel mortgage from one Mattie Soper, and that shortly after he took possession under the mortgage, the defendant sheriff seized it under a writ of attachment, issued in a suit in behalf of a creditor of said Mattie Soper. The mortgage was given to secure to plaintiff the payment of three promissory notes, of uneven dates, but which were, in fact, all made on the day of the execution of the mortgage, viz., April 26, 1893. Two of these notes were for $250 each, and the remaining one for $400. The court found that one of the notes for $250 and the note for $400 were fictitious and represented no real transaction between plaintiff and Mattie Soper, but were concocted and inserted in the mortgage for the purpose of hindering and defrauding her creditors. The court further found that the remaining note of $250 was not fraudulent, but represented a valid indebtedness to plaintiff.

The court thereupon rendered judgment to the effect that plaintiff had an interest in the property to the amount of the valid note and interest. We think this was error. The rule in this state is, that where a part of the consideration for a chattel mortgage is fraudulent in fact, it vitiates the whole mortgage. *Cole v. Yancey*, 62 Mo. App. 234; *Boland v. Ross*, 120 Mo. 208; *State ex rel. Robertson v. Hope*, 102 Mo. 410. In such case the fraudulent mortgagee can not com-

plain that the valid portion of his indebtedness is postponed to the claim and lien of other creditors. *McNichols v. Rubelman*, 13 Mo. App. 515.

It is contended that as the indebtedness set forth in this mortgage is represented by separate notes, and that since the whole of one of these notes was valid, and the good could be separated from the bad, therefore the judgment was proper. This will not do. The contest here is over the property attached and does not involve the indebtedness, except incidentally, in order to attack the validity of the lien on the property. Plaintiffs' claim on the property is through a mortgage, an entire thing, incapable of separation; and it is the mortgage which we declare to be vicious, by reason of securing debts, a part of which are fraudulent and known to be so by the mortgagee creditor. The cases of *Hardcastle v. Fisher*, 24 Mo. 70, and *Pinneo v. Hart*, 30 Mo. 561, cited by plaintiff, have no application to the facts here, since in those cases the creditors were not participants in the fraud.

We will reverse the judgment and remand the cause, with directions to render judgment for the defendants. All concur.