Lumber Co. v. Mining Co.

WEBB CITY LUMBER COMPANY, Respondent, v. VICTOR
MINING COMPANY, Defendant; W. B. KANE,
Interpleader, Appellant.

Kansas City Court of Appeals, February 20, 1899.

1. Appellate Practice : SPECIAL FINDING. Special findings of fact
by the trial court with evidence tending to support them are incon-
trovertible in the appellate court.

2. Fraudulent Conveyances : FICTITIOUS DEBT. No device is more
deceptive and likely to baffle, etc., creditors than the creating of
incumbrances for fictitious debts, and where the consideration for a
mortgage is partially fictitious, the entire security may be vitiated.

3. Bills and Notes : COLLATERAL SECURITY: DIFFERENT DEBT: INSTRUC-
TION. Where one note is held as collateral to and security for
another note, such notes can not be held to evidence the same
indebtedness, and if they do one must be fictitious, and an instruction
to this effect is approved.

4. ————: RENEWAL: SECURITY: INSTRUCTION. The renewal of a note
secured by mortgage does not in any way impair the security, but in
this case the renewal is held to be unimportant, since the secured
note was not renewed, and an instruction presenting a different
doctrine is condemned.

Appeal from the Jasper Circuit Court.—HON. J. D.
PERKINS, Judge.

AFFIRMED.

HOWARD GRAY and FRANK FORLOW for appellant.

(1) Where there is no evidence on which to base the
judgment of a trial court, the appellate court will reverse it.
Freeman v. Hemmingway, 1 Mo. App. Rep. No. 10, 430;
Nichols v. Carter, 49 Mo. App. 401; Klostermann v. Kage,
39 Mo. App. 60; Polack v. Hannauer, 26 Mo. App. 261;
Blackwell v. Adams, 28 Mo. App. 61; Moore v. Railway, 28
Mo. App. 622. (2) A chattel mortgage given to secure an

existing debt and for future advances is valid though the mortgage recites that it is to secure an absolute debt.　Jones on Chat. Mort., sec. 96; Jones on Mort., sec. 374; Foster v. Reynolds, 38 Mo. 553; Sparks v. Brown, 33 Mo. App. 505; Sparks v. Brown, 46 Mo. App. 529; Williams v. Alnutt, 72 Mo. App. 62.　(3)　The instruction number 2 for respondent is not the law.　The fact that the $2,164.35 note was held as collateral security to the note described in the chattel mortgage did not affect the validity of the mortgage, and this declaration is wrong.　McDonald v. Hulse, 16 Mo. 503; Lippold v. Held, 58 Mo. 216; Christian v. Newberry, 61 Mo. 446.　The second declaration of law asked by respondent and refused by the court, correctly declared the law on this point.　Authorities above cited.

H. W. CURREY, W. J. OWENS, M. R. LIVELY and J. W. McANTIRE for respondent.

(1)　If a chattel mortgage is given to secure an ascertained debt, the amount of the debt should be stated; and, if given to secure a debt not ascertained, such data should be given in the mortgage respecting it as will put anyone interested in the inquiry upon a track leading to a disclosure. If given to secure a future liability, the foundation of that liability should be set forth.　Bank v. Godfrey, 23 Ill. 569, 603; Bullock v. Battenhouse, 108 Ill. 28, 36; affirming s. c., 11 Ill. App. 665; Pearce v. Hall, 12 Bush (Ky), 209, 212; New v. Sailor, 114 Ind. 407, 410; Bowen v. Ratcliff, 140 Ind. 393, 397; Ogborn v. Eliason, 79 Ind. 393; Ins. Co. v. Finch, 84 Ind. 301; Bramhall v. Flood, 41 Conn. 68; Jewett v. Preston, 27 Me. 400; Morris v. Murray, 82 Ky. 36, 44.　(2)　There is no case which goes so far as to permit a mortgagee to substitute for the debt specifically described in the mortgage, a debt evidenced by a note, different in amount, due at a different time, executed by different parties and bearing a different date; but the

most liberal statement of the law requires the description of
the debt to be accurate as far as it goes, and full enough to
direct attention to the sources of full and correct information
in regard to it.    Hurd v. Robinson, 11 Ohio St. 232, 237;
Bank v. Knowles, 67 Wis. 373; Bullock v. Battenhouse, 11
Ill. 665.

SMITH, P. J.—Plaintiffs brought an action of attach-
ment against the defendant; and, under the writ issued therein,
certain mining machinery and other personal property of the
defendant were levied upon.   One Kane filed an interplea on
the action claiming to be the owner and entitled to the pos-
session of the attached property under the pro-
STATEMENT.      visions of a certain mortgage executed to him
by the defendant prior to the levy of the at-
tachment.    The plaintiffs, by their answer, denied the al-
legations of the interplea and charged that the mortgage was
made with the intent to hinder and delay creditors, and that
the debt described in the mortgage was fictitious, and that the
mortgage was fraudulent and void.

There was a trial by the court without a jury.   At the
request of the interpleader the court made a special finding
of facts, which is to the effect following:

"That on the twenty-second day of September, 1896,
and prior thereto the Victor Mining Company was a corpora-
tion organized and existing under the laws of the state of
Missouri and on that date, it was indebted to the Bank of
Carterville, a corporation organized and existing under the
laws of the State of Missouri, in the sum of $2,164.35, for
which amount the said bank held a note of said Victor Mining
Company, signed by said company, and E. E. Dwight, J. B.
Flanders and A. M. Drake, all as principals, which said note
was not then due.    That Flanders, Dwight and Drake were
solvent; that the Victor Mining Company was heavily in-
debted to various persons other than the Bank of Carterville,

and was insolvent and was being pressed by some of its cred-
itors and that fact was known by interpleader on September
22, 1896; that on said date and prior thereto the interpleader,
W. B. Kane, was cashier of said Bank of Carterville; that
on said twenty-second day of September, 1896, without con-
sulting the Bank of Carterville or any of its officers or the
interpleader, W. B. Kane, or without being asked or requested
to give any additional security for the indebtedness which it
owed to the said Bank of Carterville, said Victor Mining
Co. executed a chattel mortgage on all its property to W. B.
Kane, interpleader, to secure a note for the sum of $5,164.35,
which note was particularly described in the mortgage; that
this mortgage was executed for the purpose of obtaining three
thousand dollars to be thereafter advanced by the interpleader,
W. B. Kane, and that at the time said note was delivered
to Kane in the Indian Territory, it was agreed between said
Victor Mining Co. and the interpleader that the mining com-
pany would send in its bills to the interpleader and that he
would draw his own check on the Bank of Carterville; that
said note and mortgage were delivered to the interpleader at
Waggner, I. T.; that said mortgage was on the twenty-fourth
day of September, 1896, duly filed for record in the office of
the recorder of deeds of Jasper county, Missouri, and was
duly recorded and afterwards on the twenty-fifth day of Sep-
tember, 1896, the plaintiff, with other creditors, attached the
property in said mortgage described; that the said mortgage
contained a provision that the mortgagor might retain pos-
session of the property until the debt became due, with the
proviso that in case of the sale, disposal or removal of the
property or any part thereof, or the attempt to sell, dispose
of or remove said property or any part thereof, the whole
debt should at once become due and the mortgagee should
at once have the right to the possession of said property; that
up to the time of the levying of the attachment the inter-
pleader had advanced no part of the sum agreed to be ad-
vanced and after the attachments he refused to advance any

sum, and it was then agreed by and between the interpleader and the defendant that no further sum should be advanced and that the sum he had agreed to advance should be credited as a payment on the note secured in the mortgage, which was done; that the said note of $2,164.35 was not canceled or delivered to said Victor Mining Co. but was retained by said bank and treated by said bank as a part of its assets; that afterwards, on April 17, 1897, the said Bank of Carterville went into liquidation and transferred all its assets to the First National Bank of Carterville; that said note with the other assets was transferred to the said First National Bank of Carterville; that on the first day of May, 1897, said note of $2,164.35 was taken up by the Victor Mining Co. and a new note for the same amount was executed by the Victor Mining Co., and Dwight, Flanders and Drake, to the First National Bank of Carterville, which bank still holds said note; that the property attached has been sold under the order of this court and the proceeds thereof stand in the place of the property.

"The court further finds that the purpose of the Victor Mining Company in executing said mortgage and said $5,164.35 note was to raise said sum of $3,000 to be used in sinking its shaft and taking up a stope in its mine, and not to secure the payment of any indebtedness, which it then owed to the Bank of Carterville, and that the interpleader, Kane, knew of such purpose; that no part of the said $3,000 agreed to be advanced was to be paid until the interpleader returned from the Indian Territory and then, if everything was satisfactory to said Kane, the money was to be paid by him on orders from the Victor Mining Co., and that no part of said $3,000 was ever deposited in said bank or set apart subject to the order of the Victor Mining Company; that before Kane returned from the Indian Territory the property was attached by the plaintiff and other creditors and the contract in relation to said $3,000 between the interpleader and the Victor

Mining Company was never completed or carried out; and that said note of $5,164.35, secured by said mortgage is to the extent of the sum of $2,164.35 fictitious and to that extent the said mortgage was without consideration, but that the Victor Mining Co., in the execution of the $5,164.35 note, made the amount thereof exactly equal to the two sums of $3,000 to be thereafter advanced to it by interpleader, and the sum of $2,164.35 which it owed to the Bank of Carterville; that at the time of the delivery of said mortgage to interpleader he agreed with the representative of the Victor Mining Co. that said Bank of Carterville would deliver up to the makers thereof the said note of $2,164.35, but the court finds that said bank refused to carry out said agreement and never did deliver up said note, but retained same and treated it as a part of the assets of said bank."

An examination of the record has convinced us that there is evidence contained in the record which tends to support the findings so made and therefore the same are incontrovertible here. Freeman v. Moffit, 119 Mo. 280; Nelson v. Railway, 66 Mo. App. 647; Griffith v. Construction Co., 46 Mo. App. 539.

APPELLATE practice: special finding.

The court concluded, that upon the facts found by it, that the interpleader could not recover and gave judgment accordingly. It is difficult to see how a different conclusion could have been reached on the facts, as found. The law is now quite well settled in this state that a false statement of the consideration of a mortgage or the creation of a fictitious indebtedness is a badge of fraud. Touching this doctrine it has been said that "no device can be more deceptive and more likely to baffle, delay or defeat creditors than the creating of incumbrances upon their property by embarrassed men for debts that are fictitious, or mainly so. The false pretense of a debt or the designed exaggeration of one is an act of direct fraud," so, "a false recital of consideration in an instrument,

FRAUDULENT conveyances: fictitious debt.

in the absence of explanation, justified a finding of fraud, and the misrecital must be intentional and not accidental; and subject to explanation, and that the evil design must be mutual, otherwise the transaction will stand against creditors except as to the excess." Hawkins v. Alston, 4 Ired. Eq. 145. And it has been held that the taking of a mortgage for a greater amount than is due from one known by the mortgagee to be in failing circumstances and pressed by his creditors is conclusive evidence of fraud. Butts v. Peacock, 23 Wis. 359. And where a part of the consideration for which a chattel mortgage is given is fictitious or fraudulent as to creditors the entire mortgage will be vitiated. State ex rel. v. Hope, 102 Mo. 429; Seger v. Thomas, 107 Mo. 635; Nat. Tube Works v. Machine Co., 118 Mo. 365; Boland v. Ross, 120 Mo. 208; Ball v. O'Neill, 64 Mo. App. 388. It seems to us that in the light of the foregoing authorities the conclusion of law reached by the court was inevitable. We can conceive of no correct theory of the case upon which the interpleader would be entitled to recover. The instructions given for the interpleader show that he had a consideration by the court of the case upon every theory upon which he was possibly entitled.

The interpleader objects that the court erred in its action giving the second instruction requested by plaintiff which declared that if the Carterville Bank has carried the $2,164.35 note referred to by the witness, Kane, and marked exhibit "C," as collateral security for the $5,164.35 note described in the interpleader's mortgage and has held and treated the said $2,164.35 note as collateral to and security for the said mortgage note, then said note for $2,164.35 can not be held to evidence the same indebtedness that purports to be evidenced by the said mortgage note; and said mortgage is to that extent without consideration and was as to plaintiffs, void. It is conceded that at the time the interpleader and defendant entered the $3,000 credit on the

*BILLS and notes: collateral security: different debt: instruction.*

$5,000 mortgage note that the only debt which the defendant then owed interpleader was evidenced by the $2,164.35 note which was given for borrowed money.   The defendant did not owe the interpleader the amount represented by the $5,000 note after the deduction of the $3,000 credit.   It is clear that if the $2,164.35 note was not canceled and surrendered but was allowed to stand as collateral security to the $5,000 note the former evidenced a real debt and the latter one was fictitious.   Manifestly the two notes could not represent the same indebtedness.   The very fact that one is collateral to the other implied that they evidenced different debts.   The $5,000 note does not represent the $2,164.35 note.   If valid subsisting obligations they are distinct.   It follows from this that the $5,000 note is fictitious as to the sum of $2,164.35.

The instruction, we think, unobjectionable in its enunciation.

The interpleader insists that the plaintiffs' instruction just referred to should have been refused and his own should have been given instead thereof which declared, in substance, that even though the Bank of Carterville held the note of defendant for the indebtedness due by the latter to the former, existing at the time of the execution of the mortgage, and kept the same thereafter, and even took a new note in lieu thereof and held the same as collateral security to the $5,000 mortgage note, this would not have the effect to invalidate the mortgage provided that it was not agreed that such should be the effect of giving the new note. No doubt but that it is the law that the renewal of a note secured by a deed of trust or mortgage does not in any way impair or destroy the security.   Christian v. Newberry, 61 Mo. 446; Lippold v. Held, 58 Mo. 213.   But this rule can have no application to a case like this where there was no renewal of the mortgage note.   This note was, as has been already stated, collateral to the mortgage note.   It did not

*——: renewal: security: instruction.*

and could not, in the very nature of things, represent the same debt that was represented by the mortgage note. And as it was not secured by the mortgage its renewal was unimportant except as showing that it represented the defendant's entire indebtedness to interpleader and that therefore the note secured by the mortgage represented nothing more than a fictitious debt.

We have examined the interpleader's objections to other instructions given for the plaintiffs, but these we do not think tenable. It matters very little what the several theories were upon which the court was requested to consider the case since we think the judgment is the only one that could have been properly given in the case.

The interpleader contends that the findings of fact by the court were inconsistent and contradictory in that it found that the $2,164.35 indebtedness was included in the $5,000 mortgage note and that the latter note was fictitious as to such indebtedness. By recurring to the finding of the court it will be seen that it found that the defendant executed the $5,000 note and mortgage to secure the said indebtedness and the $3,000 to be advanced. It will be also seen that it was further found that the note representing the existing indebtedness was never canceled and surrendered and was never merged into the $5,000 note, and therefore the latter was fictitious as to the amount of the former. The evidence supports this conclusion.

The transaction was incomplete in the first instance. The defendant was to secure the mortgage which it proposed to give interpleader and if later on everything was found satisfactory it was to be completed and made effective and binding. Before the completion of the transaction the plaintiffs had attached the property covered by the proposed mortgage and interpleader then declined to complete the same. It never was completed.

The transaction that took place after the levy of the attachment was not the completion of that begun in the Indian Territory. The mortgage was accepted on the interpleader's return but it was wholly without any consideration. It did not represent either the $3,000 advancement or the note for $2,164.35. The debt it evidenced was a fictitious one and a device contrived and intended to hinder and defeat the plaintiffs in the enforcement of their attachment lien against the mortgaged property.

The finding of the court was consistent and sufficient to support the judgment, which must be affirmed. All concur.