William O. Johnson, Appellant, v. R. W. Goldsby *et al.*, Respondents.

Kansas City Court of Appeals, December 10, 1888.

1. **Mortgage: EQUITABLE ASSIGNMENT: DOCTRINE OF: SUBROGATION.** Equity does not admit the doctrine of equitable assignment in favor of every person who pays off a mortgage. Such relations must exist towards the mortgaged premises, or with other parties, that the payment is not a purely voluntary act, but is an equitable, necessary or proper means of securing the interests of the one making it from possible loss or injury. The payment must be made by or on behalf of a person who has some interest in the premises, or some claim against other parties, which he is entitled in equity to have protected and secured. A mere stranger, who pays off a mortgage as a purely voluntary act can, never be an equitable assignee. (Pomeroy's Eq. sec. 1212).

2. ——: ——: CASE ADJUDGED. There is no allegation here that plaintiff made the payments at the request of the mortgageor, or of either of the defendants to this suit, nor that plaintiff was in any manner liable as surety for the mortgageor or otherwise. It is not claimed that plaintiff paid the mortgagee for the purchase of its lien in order to keep it alive, or that an assignment of the debt was made to him, or was ever contemplated by the parties at the time of such payment. Under this state of facts the debt due to the mortgagee was absolutely extinguished by its payment.

*Appeal from Chariton Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

The case is stated in the opinion.

*George Robertson*, for the appellant.

(1) The payment of the debt by Johnson subrogated him to the rights of the county, or in other words, the payment operated to assign the debt of the county to him. Pomeroy's Equity, secs. 798, 1211, 1213; *Liderdale v. Robinson*, 2 Brock. 168; *Crosby v. Taylor*, 15

Gray [Mass.] 64; *Neeley v. Jones*, 37 Am. Rep. 794. (2) Defendants accepted their deed with full knowledge of all the facts recited in the petition; knew the mortgage was due, that the county had advertised the land for sale under its mortgage, and knew further that Johnson paid the debt off to prevent the sale. They are therefore estopped from repudiating a benefit received by them. *Neeley v. Jones, supra;* Pomeroy Eq. Jur. sec. 802; Jones on Mort. sec. 856; The Law of Mort. sec. 136; *Gatewood v. Gatewood*, 75 Va. 407. (3) There was no fraud in fact alleged in plaintiff's petition. Then, that being the case, it would have to be pleaded by the defendants. But it makes no difference whether the deed from W. H. Johnson to W. O. Johnson was declared void on account of fraud in fact or fraud in law. *Crosby v. Taylor, supra; Cole v. Malcolm*, 66 N. Y. 363; *Selleck v. Phelps*, 11 Wis. 397.

*A. W. Mullins* and *S. P. Huston*, for the respondents.

(1) A volunteer cannot be subrogated. *Evans v. Halleck*, 83 Mo. 376; *Richmond v. Morrison*, 15 Ind. 134. (2) Plaintiff predicates his interest upon and deduces it through an adjudged and admitted fraud. Equitable rights cannot have their root in such a soil. Bump on Fraud. Conv. [3 Ed.] 613 and cases cited. "No right can be deduced from a fraudulent act. Every one who engages in a fraudulent scheme forfeits all right to protection at law or in equity. The law does not so far countenance fraudulent contracts as to protect the perpetrator to the extent of his investment * * * or for sums subsequently paid to creditors, even though he thereby pays off a mortgage or a debt contracted in the purchase of the property." Authorities *supra; Allen v. Berry*, 50 Mo. 90. (3) "Where the fraudulent act must be depended upon or forms a necessary link in the allegations necessary to the statement of a cause of action, it is fatal." *Baldwin v. Moffit*, 94 N. Y. 82, and

cases there cited. "The law cares very little what a fraudulent party's loss may be, and exacts nothing for his sake. It certainly will not undertake to indemnify him for expenditures made in the prosecution of his fraudulent purpose." *Masson v. Bovet*, 1 Den. [N. Y.] 69, 74, 75. (4) The respondent is not asking relief; appellant is the actor, and in such case where fraud appears, even between the parties themselves, equity will not interfere but leaves them to lie in their own bed. *Hall v. Callahan*, 66 Mo. 316. Much more will relief be refused where the plaintiff must deduce his right through his own fraud, and the defendant is innocent.

RAMSAY, J.—In this case the circuit court sustained a demurrer to plaintiff's petition and entered a judgment thereon, from which plaintiff has appealed to this court. Therefore, the only question for our consideration is the sufficiency of the petition, which, in substance sets forth the following facts as a cause of action : That on the sixth day of March, 1876, the plaintiff William O. Johnson purchased of one W. H. Johnson certain lands situated in Chariton county, Mo., described in the petition, and received a general warranty deed therefor ; that said deed was, on the tenth day of January, 1878, recorded in the office of the recorder of deeds, within and for said county ; that on the thirtieth day of March, 1876, after the execution and delivery of said deed to plaintiff, but before it was filed for record, the said W. H. Johnson executed and delivered to the county of Chariton a mortgage on said lands with power of sale, to secure to said county the payment of three promissory notes, described in the mortgage, and which were, at that date, given by said W. H. Johnson to said county for certain school money which he then borrowed from the county ; that one of these notes was for the principal sum of two hundred dollars, one for $219.75 and one for twenty-one dollars, each due one year from date and bearing interest at the rate of ten per cent. per

annum conditioned to compound if not paid annually; that said mortgage was given without the knowledge or consent of plaintiff and was taken by said county without knowledge, upon its part, of the fact that W. H. Johnson had previously deeded the same lands to plaintiff; that said county, on the thirtieth day of March, 1876, had its mortgage duly recorded; that, in order to prevent a sale of the lands under this mortgage, plaintiff, on the ninth day of April, 1878, paid interest on said notes in the sum of $45.10; on the thirteenth day of May, 1879, $60.20, and on the fifteenth day of January, 1880, $31.10; and after the county had advertised the lands for sale on account of the non-payment of the notes and interest, plaintiff paid all of said notes aggregating $440.75, making a total sum of $557.15 paid by plaintiff to said county under said mortgage; that on the twenty-seventh day of October, 1877, said W. H. Johnson became indebted to one Annie Munson in the sum of $302.90; that afterward, said Annie Munson, obtained a judgment against said W. H. Johnson for this debt and costs, and under an execution issued out of the Chariton circuit court, in pursuance of said judgment, the lands involved in this controversy were, on the twenty-third day of October, 1879, levied upon and sold as the lands of said W. H. Johnson, to defendant Goldsby for the sum of twenty-eight dollars, who took a sheriff's deed to said lands for himself and in trust for the said Benecke; that the defendant Benecke claims an interest in the lands under a quit-claim deed from Goldsby; that the defendants took and accepted their said deeds with full knowledge of the facts alleged in the petition; that at the October term, 1880, of the Chariton circuit court, the said Goldsby began his suit against plaintiff and the said W. H. Johnson to set aside the deed from said W. H. Johnson to plaintiff, claiming that the same was fraudulent and void, and prayed the court to divest plaintiff of title and to vest the same in Goldsby; that said court, after issue joined between the parties to said suit, found the issues with said Goldsby, and held said deed to be void as to said

Annie Munson, from which judgment and decree plaintiff duly prosecuted his appeal to the supreme court of Missouri, which said supreme court affirmed the judgment of the lower court.    The plaintiff, in his petition, further claimed that the payment of the mortgage debt to the county, in the manner stated, worked an equitable assignment of the mortgage to him and entitled him to be subrogated to the right theretofore held by the county.    He prays to be thus subrogated for a judgment of $859.00, the amount paid out by him with accrued interest, and that such judgment be declared a lien upon the lands.

"Equity does not admit the doctrine of equitable assignment in favor of every person who pays off a mortgage.    Such relations must exist towards the mortgaged premises or with the other parties, that the payment is not a purely voluntary act, but is an equitable, necessary or proper means of securing the interests of the one making it from possible loss or injury.    The payment must be made by, or on behalf of, a person who has some interest in the premises, or some claim against other parties, which he is entitled in equity to have protected and secured.    A mere stranger, therefore, who pays off a mortgage as a purely voluntary act can never be an equitable assignee."    Pom. Ex. sec. 1212.    The general principle here quoted is recognized and controls courts generally where the question under consideration is involved.    1 Lead. Cas. in Eq. 154, *et seq.* ; *Wilson v. Brown*, 13 N. J. Eq. 277 ; *Wolf v. Walter*, 56 Mo. 292 ; *Evans v. Halleck*, 83 Mo. 376.    "Before a third party, making payment of a debt secured by a mortgage, can be subrogated to the rights of the mortgagee, he must show either that he made the payment at the request of the mortgagor, or to protect some interest he had of his own at the time of the payment."    *Norton v. Highlyman*, 88 Mo. 621 ; *Bunn v. Lindsey*, 95 Mo. 250.    There is no allegation in the petition that plaintiff made the payments to the county at the request of the mortgagor or of either of the defendants to this suit, nor that plaintiff was in any manner secondarily liable to the

county as surety for W. H. Johnson or otherwise. It is not claimed that plaintiff paid the county for the purchase of its lien in order to keep it alive, or that an assignment of the debt held by the county was made to him or even contemplated by the parties at the time of such payment. Under this state of facts it is apparent that the debt due to the county was absolutely extinguished by its payment and the only appearance of a right of subrogation is the statement that plaintiff had purchased the lands of W. H. Johnson on March 6, 1876, and held a deed from said W. H. Johnson at the time he made the payments. The life, if any, in this statement perished in the further allegation that this very deed had been adjudged to be void and its cancellation decreed in a suit where it had been assailed as having been made to defraud these creditors. The petition shows upon its face, that plaintiff held no interest in the mortgaged premises at the time he made the payments to the county, which a court of equity would recognize. The deed from W. H. Johnson to plaintiff having been adjudged to be void because it was fraudulently executed, was a nullity as to these defendants, and under it plaintiff could hold no interest adverse to them. *Allen v. Berry*, 50 Mo. 90 ; *Railroad v. Soutter*, 13 Wal. 517 ; Sheldon on Subrogation, sec. 44 ; Bump on Fraud. Conv. [3 Ed.] 613, 614. We are, therefore, of the opinion that plaintiff's petition fails to state facts sufficient to constitute a cause of action against these defendants.

The judgment of the circuit court is affirmed. All concur.