MANSUR & TEBBETTS IMPLEMENT COMPANY, *Appellant*, v. JONES *et al.*

Division Two, March 15, 1898.

1. **Action:** SUIT TO SET ASIDE DEED IN ATTACHMENT: EQUITY: REMEDY AT LAW.  The general rule is that one seeking aid in a court of equity must first exhaust his remedies at law.  But under section 571, Revised Statutes 1889, any attaching creditor, who by reason of the levy of an attachment has acquired a lien on the property, may maintain an action to set aside any fraudulent conveyance or other lien, and this statute removes such an action from the general rule of practice.

2. ——: ——: PLEADING: NECESSARY ALLEGATION.  It is not necessary for an attachment creditor, in a suit to set aside a fraudulent deed, to aver that the defendants, against whom he has a general judgment and a judgment and levy in attachment, are insolvent, or that he has made an effort to collect the judgment by execution, or that he has no remedy at law.

3. **Mortgage**: PAYMENT BY THIRD PARTY: SUBROGATION. Before a third party, to whom is surrendered (but not assigned) a note on his payment of the same, can be subrogated to the rights of the mortgagee, he must show either that he made the payment at the request of the mortgagor, or to protect some interest of his own at the time of the payment.

4. ———: ———: ——— : FRAUDULENT CONVEYANCE. The doctrine of subrogation can not be invoked by one holding under a fraudulent deed or mortgage. If, therefore, a deed of trust given by an attachment debtor to a third party is fraudulent and void as to creditors, such third party had no interest to protect, and was not entitled to be subrogated to the rights of the mortgagee of a prior mortgage, although he has paid the debt secured thereby.

5. **Attachment**: CONVEYANCE: PRIMA FACIE FRAUDULENT. Where a note given to a third party for any purpose is largely in excess of the amount owing by the maker to such third party, both it and the deed of trust given to secure its payment are *primae facie* fraudulent as to creditors of the maker and unless explained are conclusively so.

*Appeal from Andrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

*Ben Eli Guthrie* and *Dysart & Mitchell* for appellant.

(1) This form of action is the proper proceeding in a case like this, for an attaching creditor to avail himself of property fraudulently conveyed by his debtor. The solvency or insolvency of the defendant is immaterial in a proceeding like this. R. S. 1889, sec. 571; *Lackland v. Smith*, 5 Mo. App. 153; *Boland v. Ross*, 120 Mo. 208; *Knoop v. Kelsey*, 121 Mo. 642; *Maupin v. Mining Co.*, 78 Mo. 24; *Borum v. Reed*, 73 Mo. 461; *Jones v. Hart*, 60 Mo. 351; *Huxley v. Harrold*, 62 Mo. 516; Wapples on Attach., pp. 510 and 511. (2) If the mortgage deed of trust from Geo. L. Jones to his mother, Sarah M. Jones, of September 30, 1893,

was fraudulent and void as to creditors for any reason, then the plaintiff ought to prevail in this suit. *Norton v. Highleyman*, 88 Mo. 621; *Evans v. Halleck*, 83 Mo. 376; *Johnson v. Goldsby*, 32 Mo. App. 560; *Campbell Ptg. Co. v. Roeder*, 44 Mo. App. 324; *Dunn v. Railroad*, 45 Mo. App. 29. (3) The deed of trust given by George L. Jones to his mother, Sarah M. Jones on the thirtieth day of September, 1893, to secure the sum of $2,500 was fraudulent and void as to creditors for the following reasons: *First.* Because the evidence abundantly and conclusively shows that the purchase price of the three lots in question had been fully paid at the time of the execution of said deed of trust, and the said deed of trust was wholly without consideration. *Second.* Because it is admitted by both the defendants that said deed of trust was given to secure the sum of $2,500, when the balance due from George to his mother did not exceed more than one half that sum, which fact was known to both George and his mother. *State v. Hope*, 102 Mo. 410; *Seger's Sons v. Thomas Bros.*, 107 Mo. 635; *Nat. Tube Work Co. v. Machine Co.*, 118 Mo. 365; *Barton v Sitlington*, 128 Mo. 164; *Boland v. Ross*, 120 Mo. 208; *McVeagh v. Baxter*, 82 Mo. 518; *Meyberg v. Jacobs*, 40 Mo. App. 129; *State v. Durant*, 53 Mo. App. 493; *Mfg. Co. v. Steel & Walker*, 36 Mo. App. 496. *Third.* The withholding of the January deed of trust from record created a secret trust in favor of Sarah M. Jones, and constituted a fraud on the creditors of George L. Jones. *Bank v Doran*, 109 Mo. 40; *Pattison v. Letton*, 56 Mo. App. 325; *Bank v. Kansas City Lime Co.*, 43 Mo. App. 561. (4) A suit can be maintained by an attaching creditor to set aside a fraudulent sale or mortgage of property, although the fraudulent debtor may have other property sufficient to pay the plaintiff's demand. Besides, the evidence in this case shows that none of the defendants

in the attachment suits own any property in this State available to the plaintiff except the three lots in question. *Bank v. Lumber Co.*, 68 Mo. App. 81; *Bank v. Lumber Co.*, 59 Mo. App. 317; *Bank v. Western Lumber Co.*, 34 S. W. Rep. 869; *Bank v. Powers*, 134 Mo. 432; *Patton v. Bragg*, 113 Mo. 595. (5) The transaction between Sarah M. Jones and Gilstrap was not a purchase of the note by her and an assignment of it to her by him. She can not under the circumstances claim any title by reason of her purchase under the foreclosure of the Gilstrap deed of trust if in fact her mortgage was fraudulent and void. *Minter v. Cupp*, 98 Mo. 26; *Smith v. Johnson*, 71 Mo. 382; *Goodfellow v Landis*, 36 Mo. 168; *Tingley v. Bank*, 80 Mo. 289; *Ford v. Phillips*, 83 Mo. 523; *Campbell v. Allen*, 38 Mo. App. 27; *Cummings v. Hurd*, 49 Mo. App. 139; *Allen v. Dermott*, 80 Mo. 56; *Swope v. Leffingwell*, 72 Mo. 348 (6) The deed of trust of September 30, 1893, was not only fraudulent in law, but the same was fraudulent in fact contrived to render inoperative plaintiff's threatened attachment suits. Where the claims of honest creditors are concerned, courts of equity carefully consider transactions between near relatives and members of the same family. *Van Raalte v. Harrington*, 101 Mo. 602; *Holloway v. Holloway*, 103 Mo. 274; 8 Am. and Eng. Ency. of Law, 764. (7) One of the defenses of Sarah M. Jones, in her separate and amended answer, is that the three lots in question was the homestead of the said Geo. L. Jones at the time she accepted her deed of trust. This fact is disproved. George's homestead was in another part of the city of Macon, in block 60, which stood in the name of his wife, but was paid for with his own money. This fact is fully developed both in the property statements and in the testimony of George. The question of homestead cuts no figure in the case. (8) An instrument may be fraudulent and void as to

creditors, without regard to the intent. *Seger's Sons v. Thomas Bros.*, 107 Mo. 635; *State v. Hope*, 102 Mo. 410.

*Chas. P. Hess* and *George Robertson* for respondents.

(1) The plaintiff's petition does not state a cause of action and for that reason the bill was properly dismissed. It does not allege the insolvency of any one of the judgment debtors, nor does it allege that any effort was made to collect the judgments by execution, or that plaintiff has no remedy at law. The proof, on the other hand, discloses that defendant T. M. Jones is solvent, and that plaintiff is pursuing his property in the State of Ohio by an action in attachment and at common law. For aught is known since the trial in this cause in the circuit court, the debt against T. M. Jones may have been collected by the action in Ohio. Plaintiff must allege and prove such facts as to show he has no remedy at law before equity will take jurisdiction to entertain a creditor's bill. *Turner v. Adams*, 46 Mo. 95; *Thias v. Siener*, 103 Mo. 314; *Mullen v. Hewitt*, 103 Mo. 639; *Reyburn v. Mitchell*, 106 Mo. 365; *Millier v. Bartlett*, 106 Mo. 381; 4 Am. and Eng. Ency. of Law, 573; Wait on Fraud. Con. [2 Ed.], sec. 68; Bump on Fraud. Con. [4 Ed.], sec. 540; 2 Bigelow on Fraud. 80; *Case v. Beauregard*, 99 U. S. 119; *Case v. Railroad*, 101 U. S. 688; *Fecheimer v. Hollander*, 6 Mackay (D. C.), 512; *Massey v. Gordon*, 90 Am. Dec., note 6, p. 297. (2) The plaintiff contends that it has full authority under section 571, Revised Statutes 1889, to maintain this action. This statute is confined to attaching creditors. It does not apply to and was not intended for judgment creditors. It is an engraftment upon the attachment law and is in aid of the

writ of attachment only, for after judgment has been obtained there is the usual remedy by execution, and if it is of no avail the "equitable execution" of creditor's bill. The judgment rendered against Geo. L. and T. M. Jones is a general judgment, and in the action against Geo. L. and David M. Jones the attachment was abandoned and simply a general judgment on the account rendered. Upon the rendition of these judgments plaintiff ceased to be an attaching creditor. Only a general judgment could be rendered in either case. R. S. 1889, sec. 560; *Adler v. Anderson*, 42 Mo. App. 195; *Huxley v. Harrold*, 62 Mo. 520; *Lackland v. Smith*, 5 Mo. App. 153. When a personal judgment is rendered the action under the statute will not lie. *Quarel v. Abbett*, 102 Ind. 233; *Pendleton v. Perkins*, 49 Mo. 565; *Fisher v. Tallman*, 74 Mo. 39; Pom. Eq. Jur. [2 Ed.], sec. 1415 and notes. (3) By purchase or payment of the Gilstrap note Mrs. Jones became subrogated to all the rights of the original holder thereof. *Reyburn v. Mitchell*, 106 Mo. 365; *Grady v. O'Reily*, 116 Mo. 346; *Long v. Long*, 111 Mo. 12; Jones on Mort., secs. 1137, 1080. The assignment of the note carried with it the security and power of sale. Jones on Mort., sec. 826; *Bank v. Abernathy*, 33 Mo. App. 211; *Laurier v. McIntosh*, 117 Mo. 508. (4) The purchase of the Gilstrap note was made in good faith, and that debt and transaction will stand on its own merits. While there is a valid indebtedness as to the support of the mortgage made by Geo. L. Jones to his mother, yet the Gilstrap deed of trust is valid in the hands of Mrs. Jones even if the prior deed of trust be fraudulent. Bump on Fraud. Con. [4 Ed.], sec. 484; Wait on Fraud. Con., sec. 389; *White v. Cotzhausen*, 129 U. S. 329; *Bank v. Winn*, 132 Mo. 80. (5) The recital in the trustee's deed of the refusal of Gilstrap trustee to act is *prima facie* proof of that fact, and in the absence

of any evidence to the contrary, is conclusive. R. S. 1889, sec. 7103. (6) The assignment of the note by Gilstrap was good for the reasons: *First*, if Moody owned the note Gilstrap had general authority as to it; *second*, the note was duly assigned to Gilstrap by Moody. (7) Fraud never can be presumed but must be proven. Not only must plaintiffs prove fraud, but they must also prove the essential element of participation by the grantee in the fraud. *Bonney v. Taylor*, 90 Mo. 63; *Hazell v. Bank*, 95 Mo. 60; *Hard v. Foster*, 98 Mo. 297; *Deering v. Collins*, 38 Mo. App. 80; *Petinggill v. Jones*, 30 Mo. App. 280; *Shelly v. Boothe*, 73 Mo. 74.

BURGESS, J.—This is a suit by an attaching creditor under section 571, Revised Statutes 1889, upon two different judgments in suits begun by attachment to set aside certain deeds for fraud, affecting lots one, two and three in block sixty-one in the city of Macon, Missouri. The suit was begun in the circuit court of Macon county, Missouri, from which the venue was subsequently changed to the circuit court of Audrain county. The petition, leaving off the formal parts, is as follows:

"Now at this day comes the said plaintiff by its attorneys and for cause of action against said defendants states that the said plaintiff is a corporation duly organized and existing under the laws of the State of Missouri for business purposes. That at the April term, 1894, of the said circuit court of Macon county, the plaintiff obtained a judgment against the defendant, George L. Jones, and one David M. Jones, for the sum of $470.60, in a suit by attachment against the said George L. Jones and David M. Jones, which said judgment bears interest at the rate of six per cent per annum from the date thereof, together with the costs

of said suit assessed at the sum of ——— dollars. That at the April term, 1894, of the said circuit court of Macon county, Missouri, the plaintiff obtained a certain other judgment against the defendant, George L. Jones and one Thomas M. Jones, for the sum of $2,248.74, in a suit by attachment against the said George L. Jones and Thomas M. Jones, which said judgment bears interest at the rate of six per cent per annum from the date thereof, with the costs of said suit assessed at the sum of ——— dollars. That at the date of the rendition of the said two judgments the said defendant, George L. Jones, was the owner in fee of the following described real estate, situate and lying and being in the county of Macon, State of Missouri, to wit, lots 1, 2 and 3, in block 61, in the city of Macon, and county of Macon aforesaid, and had been the owner of said property as aforesaid since the 19th day of January, 1893. That in the said attachment suits, the real estate was seized and attached as the property of the said George L. Jones, to satisfy and pay the demands claimed in said suits, and the said writs of attachment were levied upon the said property and real estate and the same was seized and attached on the 13th day of October, 1893, which attachments were duly sustained and held valid at the said April term, 1894, of the said circuit court, and plaintiff's said judgments were and are liens upon the real estate from and after the said 13th day of October, 1893, subject, however, to a deed of trust for $1,000, executed by the said George L. Jones and his wife, Maggie E. Jones, to the defendant, Allen W. Gilstrap, on the 8th day of May, 1893, to secure a note executed and payable to one W. T. Moody of the same date, and payable 90 days after date with interest at eight per cent per annum, which said deed of trust is recorded in book 91, at page 189. That since the said

April term, 1894, and after the said last mentioned note became due, the same was paid to the said Allen W. Gilstrap and fully discharged to wit, on the ——— day of ——— 1894, and the said W. T. Moody, on the date last aforesaid, executed and delivered to the said George L. Jones, a deed of release to the said real estate. Plaintiff further states that on the 30th day of September, 1893, the said defendant, George L. Jones with his wife, Maggie E. Jones, made and executed a pretended deed of trust on the said real estate to the defendant, William P. Beach, as trustee, to secure the payment of a note purporting to be for the sum of $2,500, given by the said George L. Jones to the defendant, Sarah M. Jones, being dated January 19th, 1893, with interest at six per cent per annum, and due eighteen months after the date thereof, which said pretended deed of trust was filed for record on the 30th day of September, 1893, and is recorded in book 91, at page 337, of the records of Macon county. That the said last mentioned deed of trust was executed, made and delivered by the said George L. Jones to the said Sarah M. Jones, without any consideration whatever as plaintiff is informed and believes, or else the same was given for a sum largely in excess of any amount due from the said George L. Jones to the said Sarah M. Jones, for the purpose of defrauding, hindering, and delaying the creditors of the said George L. Jones, and the same was executed and delivered by the said George L. Jones, and accepted by the said Sarah M. Jones, with the intent and for the purpose of cheating, defrauding, hindering and delaying the creditors of the said George L. Jones, and especially to cheat and defraud the said plaintiff, and to hinder and delay plaintiff in collecting and securing its said demands; and plaintiff avers that the said last mentioned deed of trust was not made or accepted in good

faith for a fair and valuable consideration, but that the same was without consideration and in fraud of the creditors of the said George L. Jones, and in fraud of said plaintiff, and the same was contrived by and between the said George L. Jones and Sarah M. Jones to dispose of and conceal the said property, so as to hinder and delay the creditors of the said George L. Jones, and to prevent the said real estate from being subjected to the claim of the creditors of the said George L. Jones, and to the said demands of the plaintiff; and plaintiff further avers that the said last mentioned deed of trust is fraudulent and void as to the creditors of the said George L. Jones and as to this plaintiff.

"Plaintiff further states that the defendants, George L. Jones and Sarah M. Jones, are seeking and proceeding to sell the said real estate under the said two deeds of trust, and have procured notices to be published in the '*Macon Times*,' a newspaper published in the city of Macon, that the said real estate will be sold on Friday, the 31st day of August, 1894, one of the said notices being signed by the said James W. White, sheriff of Macon county, Missouri, and the other by the said William P. Beach, trustee, the said Sarah M. Jones falsely pretending that she is the holder and owner of the note executed and secured to the said W. T. Moody, and falsely pretending that the said Allen W. Gilstrap refuses to execute the said trust. That neither of the said deeds of trust appear satisfied of record, and unless the defendants be enjoined and restrained by an order of this court, they will proceed to sell and will sell the said real estate under the said two deeds of trust, pursuant to the advertisement aforesaid. That if the defendant, Sarah M. Jones, who is the mother of the said George L. Jones, furnished the money to pay off the said Moody

note and deed of trust, which is denied by plaintiff, she was a mere volunteer and can not claim to be subrogated to the lien of said Moody. Wherefore plaintiff prays judgment of this court that the defendants and each of them be enjoined and restrained for the time being, from proceeding to sell and from selling said property, as advertised in said notice, and that a temporary injunction be granted in vacation, enjoining and restraining the sale of the said property under the said deeds of trust, and that on a final hearing of this cause, said injunction be made perpetual; and the plaintiff further prays judgment that the said first mentioned deed of trust to Allen W. Gilstrap, trustee, be adjudged to have been paid off and satisfied, and that the same be released and satisfied of record; and plaintiff further prays that the said second deed of trust, executed to the said William P. Beach, trustee, be adjudged and declared to be fraudulent and void as to plaintiff, and that the same be set aside and held for naught; and that the said real estate be adjudged and decreed to be sold to satisfy the said two judgments of the plaintiff and the costs accrued in said suits, and for all other general and proper relief.''

Defendant, Sarah M. Jones, answered as follows: ''Defendant, Sarah M. Jones, says that it is true that George L. Jones, her son, was at the date of the filing of plaintiff's petition the owner of lots 1, 2 and 3 in block 61, in the city of Macon, county of Macon, and State of Missouri, and she says that she sold and conveyed to him the same on the 19th day of January, 1893, and that the purchase price thereof was the sum of $5,000; that at the day of said sale and thereafter there were located on said lots, first, a blacksmith shop; second, a business house; and third, a dwelling house. And that the said dwelling house was at all dates thereafter occupied by the said George L. Jones as a

homestead; that the city of Macon is a town of 5,000 inhabitants and the said dwelling house and lot on which the same was situated was the value of $1,500; that at the date of said sale the said George L. Jones paid to her $500 in cash and at different times until May 13th, 1893, paid her for the same, aggregating $3,322.25 in cash, and also $197.30 in stock; that there was left owing her the sum of $1,480.45, on said May 13th, 1893; that in September, 1893, the said George L. Jones paid her $128 in stock so that there was left owing her, and is still owing her the sum of $1,352.45, with interest at six per cent from date of payment of the purchase price of said lands; that at the date of said sale she agreed the $1,500 should be paid in cash and that the said George L. Jones should pay her the remainder, $3,500 thereafter, and in order to secure the payment of said $3,500, the said George L. Jones executed to her his notes for $3,500, one for $1,000 and one for $2,500, with a deed of trust to secure the same on the property to him sold, but the said deed of trust was not placed of record. And it was agreed between her and her said son that the same should not be placed of record in order to enable him to borrow $1,000 upon said lands upon a first deed of trust and with the proceeds thereof extinguish the $1,000 note given to her the said Sarah M. Jones, as aforesaid; whereupon the said deed of trust was then to be recorded; that afterward, on May 8th, 1893, the said George L. Jones did borrow from the defendant, Gilstrap, the sum of $1,000 which sum he immediately on May 9th, 1893, paid to her, the said Sarah M. Jones, to apply on the purchase money of the land to him conveyed. This note was for the sum of $1,000 and was payable to W. T. Moody, ninety days after date thereof, with interest at the rate of eight per cent per annum, compounded annually. The note was dated

May 8, 1893, and a deed of trust was executed to secure this note on the land of George L. Jones, so purchased from Sarah M. Jones as aforesaid and made a first lien thereon and was duly placed of record, and a first deed of trust given to Sarah M. Jones by George L. Jones was destroyed, with the agreement and understanding that another should be made in lieu thereof. And that afterward, on or about the 24th day of May, 1893, the said George L. Jones executed another note to her, the said Sarah M. Jones for the sum of $2,500 in lieu of the said $2,500 note which had been destroyed, and on the 30th day of September, 1893, gave her a deed of trust upon said lands to secure the same, naming defendant, W. P. Beach, as trustee therein.

"This said $2,500 note was made due eighteen months after its original date, January 19th, 1893, and was entitled to certain credits, the exact amount of which was not then known by George L. Jones, but which was to be credited on said note upon delivery to said Sarah M. Jones, which was done. The said deed of trust given to secure the $1,000 note borrowed from A. W. Gilstrap and made payable to W. T. Moody, named the said A. W. Gilstrap therein as trustee and in the event of his refusal to act, the sheriff of Macon county, and the same contained power of sale in favor of said trustee in the event said note was not paid when due. The defendant further says that at the time she accepted the $2,500 note in May, 1893, she credited the same with all the amounts that had been paid her thereon and it left owing her at that time the sum of $1,480.45 with interest from January 19th, 1893; that afterward, in September, 1893, the said George L. Jones, again paid her $128 in stock which she also credited on the same note, which left owing her the sum of $1,352.45 with interest on it, as afore-

said.   That on September 30, 1893, the said George L. Jones executed a mortgage deed of trust on the land so purchased from Sarah M. Jones as aforesaid, to secure the balance due on the $2,500 note executed by him as aforesaid in lieu of the $2,500 note given at the date of the purchase and destroyed at the time the $1,000 was borrowed from the said A. W. Gilstrap, May 8th, 1893, which deed of trust was duly placed of record. That afterward in May, 1894, the said note in favor of W. T. Moody still being due and not being paid she purchased the same from the said A. W. Gilstrap, the holder and owner of said note and paid therefor the sum of $1,112.25.   That afterward, to wit, on the terms of both deeds of trust, she caused the lands to be advertised and sold and they were sold under the terms of each of said deeds of trust and at said sale she purchased the same and the trustees named, W. P. Beach in deed of trust dated September 30th, 1893, executed to her a deed of said land and A. W. Gilstrap, trustee in the deed of trust dated May 8th, 1893, refusing to act the acting sheriff, J. W. White, of Macon county, Missouri, in conformity with the conditions of said deed of trust advertised the lands for sale, sold the same to this defendant, Sarah M. Jones, on the 31st day of August, 1894, and executed and delivered to her on said day a deed for the land described in said deed of trust.

"Wherefore, the said defendant, Sarah M. Jones, says she is now the owner of said lands and that she was at all times the owner in good faith of the indebtedness aforesaid, against her said son, George L. Jones, and held the interest on said land above set forth, and that she purchased the note from said A. W. Gilstrap aforesaid, in good faith and in May, 1894, paid him, the said Gilstrap, the sum of $1,112.25.   That thereupon the said Gilstrap delivered to her the said

note and deed of trust aforesaid whereby she became the absolute owner of said note and deed of trust."

Defendants Gilstrap and White were mere nominal parties and filed no answer. The answer of George L. Jones was a general denial. Defendant Beach answered admitting that he was trustee in the deed of trust of September 30, 1893, and alleging that he had no knowledge or information sufficient to form a belief as to other matters charged in the petition.

Plaintiff made reply to the amended answer of Sarah M. Jones, as follows. "Now this day comes the said plaintiff by its attorneys and for reply to the separate and amended answer of the defendant, Sarah M. Jones, denies each and every allegation therein contained except in so far as the same admits the allegations contained in the plaintiff's petition. And the plaintiff further replying to the said answer of the said Sarah M. Jones, states that it is not true as alleged by her, that she purchased the note of a thousand dollars in favor of W. T. Moody and secured by deed of trust on the real estate in question, from the said A. W. Gilstrap; denies that the said A. W. Gilstrap was the holder and owner of the said note; and denies that the said Gilstrap had any authority or power to sell or transfer said note to her; and denies that he, in fact, sold and transferred the same to her, but, on the contrary, that the said A. W. Gilstrap refused to assign or sell the same, and that upon the said Sarah M. Jones and the said George L. Jones paid off the said note; and that the said payment and pretended purchase of the said note was in furtherance of the fraudulent intent and purpose and design of the said Sarah M. and George L. Jones, to defraud, cheat, hinder and delay the creditors of the said George L. Jones, and prevent the said property from being subjected to the claims and judgments of this plaintiff. And further replying to

the amended answer of the said Sarah M. Jones, plaintiff says that it is not true that said property was sold on the terms of the said deeds of trust; on the contrary, the plaintiff states that the sale of the property under the said Moody deed of trust was made by the defendant, James A. White, who was not the trustee therein, and at the time when the trustee named therein, A. W. Gilstrap, was residing at the city of Macon, in the county of Macon, State of Missouri, and who had never refused to execute the said trust according to the terms thereof, and the said White had no authority or power whatever to make said sale.

"Further replying to the said amended answer, plaintiff states that the property in question was of large value and admitted by the defendants to be worth the sum of five thousand dollars and that the said Sarah M. Jones purchased the said property at the said sales made by said Beach and the said J. W. White for the nominal consideration of three hundred and fifty dollars, which was a great and ruinous sacrifice thereof; that the consideration so paid by said Sarah M. Jones was so small and inadequate and at such a sacrifice that the same is unconscionably inadequate and ought not to be permitted to stand. That the said Sarah M. Jones so purchased said property long after the attachment suits of the plaintiff had been levied upon said property and sustained by the circuit court of Macon county, and long after the judgments in favor of plaintiff had been rendered, and said attachments sustained, and long after a notice of this suit had been duly filed in the recorder's office of the county of Macon, where this suit was originally instituted, and plaintiff avers that said Sarah M. Jones purchased said property with the full knowledge of all the facts and circumstances of the plaintiff's lien, claim and judgment upon the said property, and the notice of the

pendency of this suit.    And plaintiff further avers that the object and purpose on the part of the defendants, the said Sarah M. Jones and George L. Jones, in seeking to pay off and obtain possession of the Moody note, was to aid them in the fraudulent design and purpose of shielding the said property from the claims and judgments of this plaintiff, falsely pretending that they had a subsequent mortgage on the said property for the sum of twenty-five hundred dollars, which last mentioned deed of trust, plaintiff avers was false and fraudulent and designed to cheat and hinder their creditors and this plaintiff, as set out and charged in plaintiff's petition.    And plaintiff further alleges and states that the said note and mortgage for the sum of twenty-five hundred dollars, under which the said Sarah M. Jones claims to have purchased said title was without consideration and void, and that the entire purchase money due from said George L. Jones to the said Sarah M. Jones for the property in question had been fully paid off and discharged long prior to the execution and delivery of the said last mentioned deed of trust, and the same was without consideration and void and made for the purpose, between the said George L. Jones and the said Sarah M. Jones, of concealing, covering up and hiding the assets and property of the said George L. Jones from his creditors.    And plaintiff further avers that the note mentioned in the last mentioned deed of trust for the sum of twenty-five hundred dollars, was not due or in existence at the time of the execution of the said deed of trust, and that the same was fraudulently arranged and executed by the said George L. Jones to the said Sarah M. Jones, long after the said deed of trust was executed and recorded.''

The trial was by the court and resulted in a judgment in favor of defendants, dismissing plaintiff's peti-

tion and for costs. After unsuccessful motions for new trial and in arrest plaintiff appealed.

This litigation comes of the following state of facts:

On the thirteenth day of October, 1893, plaintiff began two suits in the circuit court of Macon county by attachment, one against George L. Jones and Thomas M. Jones, the other against George L. Jones and David M. Jones. And the lots in question were attached under writs issued in said causes. At the April term, 1894, trial was had upon plea in abatement filed by the defendants in the suit against George L. Jones and Thomas M. Jones which resulted in favor of plaintiff. No plea in abatement was filed in the other case; but in both cases there was personal service on the defendants, and general judgments were rendered against them. In the first named case the judgment was for $2,248.74, and in the other case for $470.60. No execution was ever issued upon these judgments, nor is it alleged in the petition in this cause that any of the defendants are insolvent.

Prior to 1892 the property in question upon' which there was a dwelling house, blacksmithing shop and warehouse, repair shop and pair of scales, was owned by Sarah M. Jones, and her husband William Jones carried on there in his own name the implement business. William Jones had become indebted to larger dealers in about the sum of $1,000. In February, 1892, Thomas M. Jones purchased out the interest of William Jones in the business for $300 but not assuming his debts. At the same time Thomas M. Jones formed a partnership with George L. Jones in the business at the same place under the firm name of Jones & Jones. In September, 1892, that firm was dissolved, Thomas M. Jones selling out his interest in the firm to David M. Jones for the sum of $400, the name of the firm

still remaining Jones & Jones, the same as before. After September, 1892, the new firm of George L. Jones and David M. Jones purchased on credit a large amount of goods, including the two bills of the plaintiff, amounting to $2,729.39. On the nineteenth day of January, 1893, the defendant, Sarah M. Jones, with her husband, William Jones, conveyed the property in question, by warranty deed to the defendant, George L. Jones, for the consideration as expressed in the deed of $4,500.

On the twenty-first day of January, 1893, the defendant, George L. Jones, with his wife, executed a deed of trust to Robert G. Mitchell, trustee, for Sarah M. Jones, upon the same property to secure the balance of the purchase money on the same expressed in two notes, one for the sum of $1,000 and the other for the sum of $2,500, amounting to the sum of $3,500, both of said notes falling due and payable on the fifteenth day of May, 1893, and bearing interest at the rate of six per cent per annum from maturity. The last mentioned deed of trust seems not to have been recorded. On the eighth day of May, 1893, George L. Jones borrowed $1,000 from William T. Moody, through A. W. Gilstrap, for which sum he executed his promissory note due ninety days after date and to secure the same George L. Jones with his wife, on the same day, executed to A. W. Gilstrap, as trustee, a deed of trust on the property in question which was at the time duly recorded. Four or five days thereafter, George L. Jones borrowed the further sum of $300 from A. W Gilstrap for which he gave his note with personal security. The last mentioned sums of $1,000 and $300 obtained from Gilstrap and Moody seem to have been paid to Sarah M. Jones on her sale of said premises to her son, George.

From July to September, 1893, the plaintiff had

been urging and pressing George L. Jones for payment or security of their claims, and especially during the latter part of September, 1893, George L. Jones had promised to send money but had not done so. Scott Cunningham, agent for the plaintiff, came to Macon and was at the business place of George L. Jones on the twenty-ninth and thirtieth of September, 1893. At that time various propositions were talked of for security of plaintiff's demand. Among other propositions made by George L. Jones was that notes should be drawn for the several amounts due and that Thomas M. Jones would sign them as security. That was early in the morning of September 30, 1893. Cunningham drove out to get Thomas M. Jones's signature to the notes. Tom at that time lived some three miles out in the country on a farm. George had been told both on the twenty-ninth and thirtieth of September, that if the claims were not paid or secured, suit by attachment would be commenced. When Cunningham saw Tom on his trip out to the farm he learned that Tom had never agreed to sign the notes and he refused to do so. While Cunningham was out of town on his errand to see Tom, George L. Jones went to a lawyer's office with his wife and executed the deed of trust of September 30, 1893, and filed the same for record before Cunningham returned from his trip in the country to see Tom. The said last named deed of trust was dated September 30, 1893, and was made to William P. Beach as trustee for Sarah M. Jones, and purports on its face to be given to secure the payment of the sum of $2,500, evidenced by a note dated January 19, 1893, due and payable eighteen months after date. This last named deed of trust was filed for record at 10 o'clock A. M. on the thirtieth day of September, 1893. The filing of this deed of trust was not disclosed to the agents of plaintiff, although the negotiations for settlement

continued up to the twelfth day of October, 1893, the
day before the attachment suits were commenced.
While negotiating for a settlement between the thir-
tieth day of September and the twelfth day of Oc-
tober, George L. Jones had proposed to give a deed of
trust on the three lots in question to secure the two
claims of the plaintiff.    This proposition was accepted
by the plaintiff's agents, and they went to the records
of Macon county to see if the property was clear, and
then for the first time discovered the $2,500 deed of
trust of September 30, 1893.  When they called George's
attention to this fact he told them that he owed his
mother, and he thought it his duty to secure her, but
that she would release and satisfy her deed of trust and
let the Mansur & Tebbetts Implement Company, have a
first mortgage.  Cunningham and Cady then went out to
the county farm to see Mrs. Sarah M. Jones, request-
ing George to go with them, but he declined to go, say-
ing that his mother was sick and not able to transact
business, and so they went without him.  Cunningham
and Cady told Mrs. Sarah M. Jones what they had come
for, and what George had said about releasing and sat-
isfying her mortgage and letting the company have the
first mortgage to secure their claims.   Sarah M. Jones
told them that it was all right if George said so, as testified
to by Cunningham and Cady.   Cunningham and Cady
came back to town but could not find George.   The evi-
dence shows that immediately after Cunningham and
Cady left Mrs. Jones, her son, George L. Jones, went
to see her and came back a short time afterward and
told Cunningham and Cady that he had seen his mother
and she would not do anything.   This was about the
twelfth day of October, 1893.   Then on the thirteenth
day of October, 1893, the plaintiff commenced the at-
tachment suits in the circuit court of Macon county.

VOL. 143 mo—18

Sarah M. Jones admits in her testimony that at the time she took her deed of trust for $2,500 on the thirtieth day of September, 1893, her son George had no other property except the three lots in question conveyed to her by said deed of trust. The evidence shows that David M. Jones has no property whatever. That Thomas M. Jones is a married man and head of a family; that he owns a farm in Macon county worth about $5,500 on which he paid $1,000 and that there is a deed of trust on the same to secure the balance of the purchase money of $4,500. That farm with the incumbrance on it of $4,500 constitutes the homestead of Thomas M. Jones. The evidence further shows that Thomas M. Jones owns about $1,000 worth of personal property incumbered by chattel mortgages amounting to about $700. This constitutes all the property of every kind owned by Thomas M. Jones in the State of Missouri. The evidence also shows that Thomas M. Jones owns a farm in the State of Ohio of one hundred and twenty acres, estimated to be worth about $7,000, incumbered by deed of trust for $2,000. It was conceded at the trial that the Mansur & Tebbetts Implement Company, this plaintiff, has run an attachment suit on said land in the State of Ohio, which suit is still there pending.

It is shown by the evidence that George L. Jones had charge of the shop and implement store and transacted all the business and made all' the purchases of goods that came into the firm, both when Tom and David Jones were with him. During the transactions between George L. Jones and this plaintiff, the Mansur & Tebbetts Implement Company, he made two property statements. The first is dated November 15, 1891.

This statement shows that all the goods purchased from plaintiff had been disposed of except $500 worth on the thirteenth of October, 1893, and they were

mortgaged for $180. It also shows that at that time George L. Jones was claiming that he owed both the Gilstrap mortgage and the whole of his mother's mortgage of $2,500. It was admitted by George L. Jones in his testimony that the Mansur & Tebbetts Implement Company was his main and largest creditor, from whom most of his stock had been purchased. George L. Jones and Sarah M. Jones claim that the purchase price of the three lots when sold to George was $5,000.

A large part of the testimony introduced at the trial was upon the question of the payments George had made to his mother on the property prior to the thirtieth day of September, 1893, when the $2,500 deed of trust was executed. In his testimony at Macon, read in evidence as a part of his cross-examination, the defendant, George L. Jones, testified that on the thirtieth day of September, 1893, when the $2,500 deed of trust was executed, the balance due from him to his mother on the property was $1,000 or $1,200. In his calculation he estimated the property at $5,000, and did not include in his payments the amounts paid to the Williams Wagon Company, the Morrison Plow Company and Moon Brothers, on the old debts of his father, amounting to about $800. The defendant, Sarah M. Jones, testified that the balance due her from George on the thirtieth day of September, 1893, when she took the $2,500 mortgage, was about $1,300. She agreed and contracted with her son, George, that whatever debts he paid for her husband should be credited as payment on the price of the lots. She so represented to Mr. Cunningham, Mr. Cady, David M. Jones, Thomas M. Jones, and to others; and Dave Jones heard the contract and arrangement between George and his mother. George Jones frequently admitted that his mother had been paid off, or nearly so, "and may be a little over." On

the nineteenth of April, 1895, at the office of William H. Sears, when he was drawing up the contract between George L. Jones and David M. Jones, George was asked how much balance he owed his mother on the three lots, and he answered that he owed her not exceeding $150 and in making his calculation he figured the property at $5,000. This admission of George was testified to by both Tom and Dave. The defendants, George L. Jones and Sarah M. Jones, testified in this case that the $2,500 note secured by the deed of trust of September 30, 1893, was in fact executed in May, 1893, and dated back to the nineteenth day of January, 1893, and the same was intended to take the place of, and be a duplicate of one of the January notes, destroyed when the Moody note and deed of trust were executed. George L. Jones testified in the attachment suit at Macon that he did not know what had become of the notes and mortgages prepared by Mr. Beach in January, 1893. He stated that they were delivered to his mother at the time, and he had never seen them since. Mrs. Sarah M. Jones testified at Macon that she did not know anything about the January notes and deed of trust; that she thought they were turned over to George and she had not seen them since. At this trial they testified that the January notes and deed of trust were destroyed at the time the $1,000 was borrowed from Gilstrap on May 8, 1893, and that some time in May George executed this $2,500 note in place of those destroyed after these attachment suits were threatened. After the attachment suits were decided, Gilstrap, as trustee, advertised the lots in question for sale under the Moody $1,000 deed of trust. Before the day of sale, on the eighteenth day of May, 1894, the defendant, Sarah M. Jones, paid off the note secured by said mortgage to Gilstrap, borrowing the money, as she testified, from her son-in-

law, Mack White. This payment was conducted through her attorney, Judge Hess, and she claims that it was a purchase of the note and not a payment. Gilstrap testified that he was only a trustee in the deed of trust, and had no authority to sell or assign the note, and in fact, did not. The defendant, Sarah M. Jones, afterward advertised and sold the said lots under the two deeds of trust, on the thirtieth day of August, 1894, bidding in the property in her own name, and receiving deeds therefor. Her bid under the Gilstrap mortgage was $250, and under her own mortgage of September 30, 1893, her bid was $100, and the property was knocked off and sold to her at these respective prices. The property in question was conveyed to George by his mother and the deed recorded on the nineteenth of January, 1893, thus giving him an apparent clear title to the same. The deed of trust of about the same time for $3,500 was not recorded, but withheld from record in order to give George credit and enable him to raise money on the same, as admitted by both George and his mother. While most of the goods purchased by George from the plaintiff were ordered in November, 1892, they were not shipped and delivered until January, February and March, 1893, after George had put his deed on record. The plaintiff filed this suit in the circuit court of Macon county on the fifteenth day of August, 1894, and prior to the sales under the said deeds of trust, to wit, on the twenty-seventh day of August, 1894, plaintiff filed in the recorder's office of Macon county, its notice of the pendency of the said suit, and of its equitable lien, and described the property as liable to be affected thereby, to wit, the three lots in question, as in such case made and provided. And thereafter plaintiff abandoned that part of its prayer asking for a temporary injunction. The defendants offered no evidence tending to

show that Gilstrap, the trustee in the Moody deed of trust, was absent or refused to act in selling the property under said deed of trust.

I.   Defendants contend that the petition states no cause of action, in that it does not allege the insolvency of either of the judgment debtors, that any effort was made to collect the judgments by execution, or that the plaintiff has no remedy at law.

It may be conceded that "one seeking aid in a court of equity must, as a general rule, first exhaust his remedies at law." *Merry v. Fremon*, 44 Mo. 518; *Alnutt v. Leper*, 48 Mo. 319; *Martin v. Michael*, 23 Mo. 50; *Crim v. Walker*, 79 Mo. 335; *Thias v. Siener*, 103 Mo. 314; *Mullen v. Hewitt*, 103 Mo. 639; *Mellier v. Bartlett*, 106 Mo. 381.   Under this well established rule the petition in the case in hand states no cause of action, for it does not show that plaintiff had exhausted its remedies at law, and unless section 571, Revised Statutes 1889, furnishes an exception to the general rule the petition must be held to be insufficient.   That section provides that, "Any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien or incumbrance of or upon any property attached in any action instituted by him; and where several attachments in favor of different plaintiffs are levied on the same property, all or any number of such plaintiffs may join in the same action for that purpose." This statute authorizes an attaching creditor to proceed for the purpose of setting aside any fraudulent conveyance, charge, lien or incumbrance of or upon any property attached by him, without more, and removes the case from the general rule in such cases.   By reason of the levy of the attachment, plaintiff acquired a lien upon the property attached, which by express provision authorized it to maintain an action to set aside any

fraudulent conveyance of the property attached; and the fact that plaintiff prosecuted its attachment suits to final judgments does not deprive it of the right to thus proceed.

The petition charges that the deed of trust upon the property executed by the defendant George L. Jones and his wife Maggie, on the thirtieth day of September, 1893, to William P. Beach, as trustee to secure the payment of a note purporting to be for the sum of $2,500, given by the defendant George L. Jones to his mother and co-defendant Sarah M. Jones, dated January 19, 1893, due eight months after its date, was without any consideration, or else the same was given for a sum largely in excess of any amount due from George L. to his mother, for the purpose of defrauding, hindering and delaying the creditors of the said George L. and was accepted by the said Sarah M. Jones with full knowledge of the intention of said George L., and that she was a party to the fraud, and stated a good cause of action under the statute.  *Boland v. Ross*, 120 Mo. 208.

II.  It is insisted by plaintiff that if the deed of trust from George L. Jones to his mother Sarah M. Jones, of September 30, 1893, was fraudulent and void as to creditors for any reason, then the plaintiff ought to prevail in this suit.  That under such circumstances the payment, or purchase of the prior Gilstrap note and mortgage by her, will not avail her, because she had no interest to protect.  Upon the other hand it is contended by defendants that by purchase or payment of the Gilstrap note Mrs. Jones became subrogated to all the rights of the original holder thereof.  Gilstrap, the trustee in the deed of trust given by George L. Jones on the lots to secure the payment of the $1,000 borrowed from Moody, testified that it was Moody's money; that the note was not paid when due, and that he

advertised the property for sale under the deed of trust. That then George wanted him to assign the note to Mack White, his brother-in-law, which he declined to do; that he told him he would cancel the note on payment; that Judge Hess was then called in and wanted him to assign the note but he did not say to whom, and that he told him that he was only trustee and could not assign the note; that he had no authority to assign it; that Judge Hess then asked him if he would surrender the note and deed of trust if he paid it off, and he told him yes, but that he would not incur any personal liability for his father-in-law Mr. Moody; that he then turned the note over to Judge Hess upon the payment of the money and gave him a receipt for the money in which it is recited that "in consideration of which I surrender and deliver the said note and deed of trust to said C. P. Hess as attorney and agent of Sarah M. Jones who holds second deed of trust on said property and to her benefit."

This receipt was signed by Gilstrap as trustee. It does not purport to be a sale or assignment of the note. In fact the evidence of Gilstrap shows that it was not, and that the note was simply surrendered to Judge Hess, the attorney for Mrs. Jones, upon its payment by him for her. It is equally as clear that Mrs. Jones did not pay off the note at the request of George L., the mortgagor. In fact, there is no such averment in her answer, but it is therein alleged that she *purchased* the note from Gilstrap, in good faith, and paid him therefor the sum of $1,112.25. Therefore, unless Mrs. Jones paid the note to protect some interest of her own at the time, she was not entitled to be subrogated to the rights of the mortgagee.

In *Norton v. Highleyman*, 88 Mo. 621, it is said: "Before a third party, making payment of a debt secured by mortgage, can be subrogated to the rights

of the mortgagee, he must show either that he made the payment at the request of the mortgagor, or to protect some interest he had of his own at the time of the payment." *Evans v. Halleck*, 83 Mo. 376; *Johnson v. Goldsby*, 32 Mo. App. 560; *Campbell Printing Press & Mfg. Co. v. Roeder*, 44 Mo. App. 324; *Dunn v. Railroad*, 45 Mo. App. 29. If, then the deed of trust given by George L. Jones to his mother Sarah M. Jones, on the thirtieth day of September, 1893, was fraudulent and void as to creditors, she had no interest to protect, and was not entitled to be subrogated to the rights of the mortgagee in the Gilstrap mortgage although she paid off the note secured by that mortgage. It is only upon principles of equity that the doctrine of subrogation is ever applied. It can not be made available by one holding under a fraudulent deed or mortgage.

While there was some conflict in the evidence as to the price agreed to be paid by George L. Jones to his mother for the lots, the weight of the evidence we think showed that it was $4,500. It is, however, clear, that on that day he owed Mrs. Jones $3,500 balance on the purchase price of the property, and that he on the twenty-first day of January, 1893, executed to her his two promissory notes of that date, one for $2,500 and the other for $1,000 secured by deed of trust on the same property. This deed of trust was never recorded for the reason as stated by Mrs. Jones that a Mr. Cunningham was going to loan George $2,500, to be secured by mortgage on the property and would want his mortgage recorded first, and then she intended recording hers. That George paid $2,200 to the county for her in May, and then $300. That he afterward got $1,000 from Gilstrap which he also paid to the county for her. That when he got that he took both notes and papers and destroyed them. Assuming then that $4,500

was the purchase price for the property, by her own admissions Mrs. Jones had received the full amount of George's indebtedness to her before the execution of the second deed of trust by George to her on the property. This was not only shown by her own admissions, but by repeated statements of George, and other circumstances before stated, including the further fact that he was in possession of the $2,500 note given by him to his mother for the balance of the purchase money, and the deed of trust on the property given to secure its payment, and destroyed them.   He could have had no other reason for destroying the note and deed of trust, than that the note had been paid, and the deed of trust satisfied.   But it is said that he destroyed the note against the will of his mother, and that his object in doing so was that he might place another mortgage on the property, yet this mortgage had never been recorded, and was not constructive notice to anybody, and could only have affected those having actual notice of it.   This excuse does not possess the merit of even being plausible.   But conceding for the sake of the argument that there was due

| | |
|---|---|
| Mrs. Jones from George L. as stated in January, 1893. | $3,500.00 |
| He paid Macon county for her in May, 1893. | 2,500.00 |
| Balance due her at that time | $1,000.00 |
| Paid her in stock and implements | 385.00 |
| This would leave a balance due her of | $  615.00 |

Yet her son George thereafter on the thirtieth day of September, 1893, executed to her at her request, a deed of trust on the property to secure the payment of a note for $2,500, which upon its face bore date January 19, 1893, due eighteen months after its date, but which in fact was executed on the thirtieth day of September, 1893.   This deed of trust was recorded in the recorder's office of Macon county at ten o'clock A. M.

on the day of its execution. It was executed in unseeming haste, and under very suspicious circumstances. Cunningham, plaintiff's agent, was in Macon pressing George L. for a settlement of plaintiff's claims. George L. told him that Thomas M. Jones, who lived some three miles in the country on a farm, had told him that he would sign as security for the debts, which Cunningham agreed to. Cunningham then went to the country to get Thomas M. Jones's name to the notes, but when he saw him Thomas M. said that he had never said that he would sign them and refused to do so. During Cunningham's absence in the country George L. and wife executed the deed of trust of September 30, 1893, and had it placed of record. The false statements of George L. that Thomas M. Jones would sign the notes seems to have been a ruse to get Cunningham out of the city so that he could execute the deed of trust to his mother during his absence. This transaction and others which need not again be referred to did not comport well with honesty and fair dealing. It is not claimed by defendants that George was at the time of the execution of the last note and mortgage indebted to his mother in anything like the amount specified in the note, but that the note and deed of trust were intended to duplicate the first note and mortgage, without the intention of defrauding any one.

It was held in *State ex rel. v. Hope*, 102 Mo. 410, that where a part of an alleged indebtedness is fraudulent that it will taint the whole transaction and avoid the entire sale in favor of creditors. *Boland v. Ross, supra; Barton v. Sitlington*, 128 Mo. 164. In *Kuykendall v. McDonald*, 15 Mo. 420, it was said "the law will not suffer a creditor, although he may have a just demand against his debtor, to use that debt as a screen to protect the debtor's estate from his other

creditors when that estate exceeds much in value the amount of the debt; when a creditor by fraud will attempt to defeat the claims of other creditors, there is no hardship in postponing his demand although a just one, to those which he has endeavored to defeat. In *Cordes v. Straszer*, 8 Mo. App. 62, it was said: "A conveyance made in good faith is not void, merely because it delays some creditors, or because it is intended to delay them; but a conveyance made in bad faith by collusion between the debtor and creditor to cover up property by naming and professing to secure an indebtedness not really existing, is void as to creditors; and the fact that it also names a real, existing indebtedness and is really made to secure that real debt, will not save the deed." The last note being from any standpoint largely in excess of the amount owing by George L. to his mother, it and the deed of trust on the property given to secure its payment, were at least *prima facie* fraudulent as to his creditors, and unexplained should be held to be conclusively so. But the explanation offered by George and his mother only emphasizes the fraudulent purpose on the part of George in their execution, and showed beyond any question that she was aware of his purpose and participated in his fraudulent designs.

When Cunningham saw George on the thirtieth of September, George then stated that he did not owe his mother anything and did not intimate to Cunningham that he had given her a deed of trust on the property. When Cunningham returned again about ten days thereafter he found the deed of trust of record. He testified as follows with respect to a conversation which he then had with George: " 'I see by the record this morning that you have given your mother a deed of trust on the property for $2,500 that day I was here, a week or ten days ago, when I was down to Tom's,' and

he said 'Yes.' I says: 'How is that?' He says: 'I owed her and I gave her the deed of trust.' We then tried every way to make a settlement with him. He told us that he had given his mother a deed of trust to secure her on money he had owed her and he said: 'She is willing if we can go to work and borrow $2,000, I can arrange to pay this $1,000 mortgage of Gilstrap's off,' and he says: 'I will then pay you the $2,500 and she is willing to release her mortgage and then take a second mortgage, after the one of $2,500, and I will pay you the $2,500.' He said she was willing to release. We asked him how he wanted to borrow the money and he said he thought he would want one and two years. We said: 'All right, you have got our money and we will loan it to you ourselves and take the mortgage.' We wanted him to go and see his mother about it and see if we could fix the papers up that day—fix up the mortgage. He told us his mother was sick and was not able to attend to business then, and he did not want to bother her. He made this objection to going out there. We left, Mr. Cady and I, and went out there ourselves and interviewed Mrs. Jones. We had a conversation with his mother, Mrs. Sarah M. Jones, one of the defendants here. We told Mrs. Jones what we were there for and that George told us that she had agreed that if he could make the loan of $2,500 she would take a subsequent mortgage, and she said if George said so it was all right. At the time we were there, I also asked her how much the boys still owed her on the property, and she said she did not know just how much he did owe her; that there had been some payments made and she had been getting some things from the store, and the boys had also been paying some debts for old Bill, that is Mr. Jones, George's father and her husband, and she did not know just how much the boys owed her, so it was

all agreeable, and we came back to town and were there at the place, but failed to find George and could not find him that night at all. We went back the next morning and saw George and said to him: 'We were out to see your mother last night and she said she was willing to do that.' He said: 'I was out there myself after you were, and she has concluded she will not do it.' We tried every way to make a settlement and Mr. Cady went so far as to offer them three years in order to make a settlement." Mrs. Sarah M. Jones knew that George was financially embarrassed and that he was in great need of money to meet his pressing demands. Her acts were dominated by George, and when all the facts disclosed by this record are considered there is no escape from the conclusion that she took the last note and deed of trust in furtherance of a design upon the part of George to defraud his creditors and to cover up his property from them.

Our conclusion is that George L. Jones was not indebted to his mother Mrs. Sarah M. Jones in any sum whatever at the time of the execution of the last note and deed of trust and that even if he was in some amount, the taking of his note by Mrs. Jones for a much greater amount, which was antedated and secured by the deed of trust on the property, of date September 30, 1893, was under the circumstances fraudulent and void as to his creditors, and that she was a party thereto.

We therefore reverse the judgment and remand the cause with directions to the trial court to enter up a decree that the said first mentioned deed of trust of Allen W. Gilstrap, trustee, be adjudged to have been paid off and satisfied and that the same be released and satisfied of record; and that the second deed of trust, executed to the said William P. Beach, trustee, be adjudged and declared to be fraudulent and void as to

plaintiff, and that the same be set aside and held for naught; that the real estate be sold to satisfy the said two judgments of the plaintiff and the costs of this suit.

GANTT, P. J., and SHERWOOD, J., concur.