COMMERCIAL STATE BANK, Respondent, v. WILLIAM ANKRUM et al., Appellants.

**Kansas City Court of Appeals, June 14, 1915.**

1. **ATTACHMENTS: Creditors: General, Judgment and Attachment Creditors: Fraudulent Conveyance: Pleading.** A general creditor cannot, but a judgment or attachment creditor can, attack a fraudulent conveyance of his debtor's property. But the petition in an action to set aside such conveyance which does not allege that such creditor is a judgment or attachment creditor does not state a cause of action.

2. **PLEADING: Receiver: Cause of Action.** Where a receiver is appointed in an action to set aside a conveyance of real estate for fraud and it appears that no cause of action is stated in the petition, the order appointing the receiver should be vacated.

Appeal from Harrison Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

REVERSED.

*Stubbs & Stubbs* for appellant.

*Frisby & Frisby* for respondent.

ELLISON, P. J.—Plaintiff brought an action against defendant, Williams, on a note, by attachment. While that was pending he brought an action against defendants to set aside deeds made by defendant William Ankrum to his son-in-law and by the latter to Ankrum's wife, on the ground that they were voluntary and made to defraud Ankrum's creditors. The present

controversy grew out of the latter action. Before the case was tried on the merits, plaintiff made application for the appointment of a receiver.. The appointment was made and defendants then moved to vacate the order. This was overruled and defendants appealed to this court.

Generally a common creditor cannot attack a conveyance of his debtor in an independent action to set it aside for fraud. He should first have his claim ascertained and vouched by a judgment. [Martin v. Mitchell, 23 Mo. 50; Crim v. Walker, 79 Mo. 335; High on Receivers (2 Ed.), sec. 406.] But an attachment creditor's rights are greater. In that instance there is a seizure of the land and a lien is fastened upon it and, by authority of the statute, such creditor may maintain the action before judgment. [Sec. 2344, R. S. 1909; M. & T. Imp. Co. v. Jones, 143 Mo. 253; Boland v. Ross, 120 Mo. 208.]

But in the instance of either a judgment creditor or an attachment creditor, the petition should allege that the plaintiff is one or the other. Otherwise it fails to state an essential requisite to a cause of action. In this case it appears from the petition that plaintiff was a creditor, but there is no allegation whatever that it was an attachment creditor.

It is plain that if there is no cause of action set out in the petition, no ground is laid for a receiver and none should be appointed. [Cantwell v. Columbia Lead Co., 199 Mo. 1, 42.] In that case the Supreme Court said : ''This leaves nothing for decision except the single question: Does the petition state a cause of action for equitable relief, and, as incident to that relief, the appointment of a receiver? Its consideration may proceed on the assumption that the petition must state facts sufficient to warrant the appointment of a receiver, or the order appointing one cannot stand.''

Plaintiff seemingly urges, as a cure for the deficiency in the petition, that the application for a re-

ceiver alleged that it was an attachment creditor. We need not say whether necessary allegations in the petition can be pieced out by statements in the application for a receiver; for we do not find any allegation of that nature in the latter paper. Neither attachment suit, nor attachment levy is mentioned. The judgment is reversed. All concur.